E. A. STRIBLING V. H. W. ATKINSON.

No. 6773.

1. **Practice—Original Deed from Land Office.**—An affidavit by defendant made for the purpose of withdrawing the original of a deed, a link in the chain of plaintiff's title, from the Land Office, alleging its alteration, etc. (Revised Statutes, article 3808), does not operate further than as a means of obtaining the original deed. It does not operate as an affidavit of forgery attacking the deed when offered by the plaintiff.

2. **Same.**—It was error to exclude the original deed procured from the Land Office upon affidavit of the defendant that its production was necessary, etc., when offered by the plaintiff, there being no other attack upon the said original deed.

3. **Ancient Instrument.**—Interlineations and erasures in an ancient deed are no reason for excluding it when its genuineness is not put in issue.

APPEAL from San Saba. Tried below before Hon. A. W. Moursund. The opinion gives a statement.

*William Aubrey,* for appellant.—1. The deed from Joseph B. Hoover to D. C. Alexander was admissible in evidence as an ancient deed, since it came from the proper custody and was properly corroborated. Holmes v. Coryell, 58 Texas, 680; Johnson v. Timmins, 50 Texas, 535; Shinn v. Hicks, 68 Texas, 277; Brown v. Simpson, 67 Texas, 231; Railway v. Stealey, 66 Texas, 471; Hollis v. Dashiell, 52 Texas, 194; Stanley v. Epperson, 45 Texas, 653; Stroud v. Springfield, 28 Texas, 663; 1 Greenl. Ev., secs. 570 (note 2), 564; 1 Whart. Ev., sec. 629.

2. The deed from Hoover to Alexander should have been admitted as a deed properly proved and registered. Rev. Stats., arts. 4314, 4333, 2257; Fitch v. Boyer, 51 Texas, 346.

3. The issue of fact as to the genuineness of the deed from Hoover to Alexander should have been submitted to the jury by the court after the admission of the evidence supporting the deed together with the deed itself. Holmes v. Coryell, 58 Texas, 689; Pasture Co. v. Preston & Smith, 65 Texas, 448; Williams v. Conger, 49 Texas, 582; Bailey v. Taylor, 11 Conn., 531; Milliken v. Martin, 66 Ill., 13; 1 Greenl. Ev., 564.

*Robertson & Williams* and *Allison & Rector,* for appellee.—1. Appellant wholly failed to explain the manifest and material erasures and alterations apparent upon the face of the purported conveyance from Hoover to Alexander, or to corroborate it by any testimony whatever, and the court did not err in refusing to admit in evidence as an ancient instrument the said purported conveyance. Miller v. Alexander, 13 Texas, 505; Park v. Glover, 23 Texas, 469; Mapes v. Leal, 27 Texas, 345; Stroud v. Springfield, 28 Texas, 649; Gainer v. Cotton, 49 Texas, 117; Williams v. Conger, 49 Texas, 582; Houston v. Blythe, 60 Texas, 506; Brown v. Simpson, 67 Texas, 231; Shinn v. Hicks, 68 Texas, 279; Dewees v. Bluntzer, 70 Texas, 406.

2.   The purported conveyance from Hoover to Alexander appearing on its face to have been materially altered, appellant could not legally demand its admission in evidence upon proof of the signature of the sole subscribing witness without explaining the alteration or corroborating its genuineness, and the court did not err in refusing to admit such conveyance as upon common law proof of its execution.   Miller v. Alexander, 13 Texas, 505; Dewees v. Bluntzer, 70 Texas, 406.

HOBBY, JUDGE.—The plaintiff's title in this case (appellant's) was wholly dependent upon the conveyance from Joseph D. Hoover to D. C. Alexander, her father.   It is not controverted that if this instrument had been admitted in evidence the judgment must necessarily have been in favor of the plaintiff, the appellant in this court.   Hence the only question we are called upon to determine is, did the court err in excluding this deed?   This question arises upon the following facts:

The appellant, E. A. Stribling, filed her petition in an action of trespass to try title against the appellee, H. W. Atkinson, on the 3rd day of March, 1886, in the District Court of San Saba County, Texas, seeking the recovery of 640 acres of land lying in said county, which had been patented to Wilhelm Gerbert by the State of Texas on May 18, 1878, and which was alleged to be in the possession of the appellee.   On May 12, 1886, the appellee filed a general demurrer, together with a plea of not guilty, the payment of taxes, and suggested valuable improvements made upon the land in controversy in good faith, etc.   The cause was tried on these pleadings without amendment.

On April 11, 1888, trial was begun before a jury.   Appellant offered in evidence a purported deed of date of January 8, 1855, from Joseph B. Hoover to D. C. Alexander, under whom appellant claimed title.   This deed was excluded upon objections by appellee, and the appellant was then permitted to withdraw the cause from the jury and submit it to the court, and judgment was rendered for the appellee.

The court filed findings of fact and law as follows, to-wit:

"The following facts were established:

"1.   The surveys in litigation were patented to Wilhelm Gerbert.

"2.   Wilhelm Gerbert conveyed the surveys to one Joseph B. Hoover May 8, 1854.

"3.   At the institution of this suit and now the plaintiff holds all the title, legal or equitable, which was ever vested in D. C. Alexander.

"4.   On which facts the court finds that the evidence admitted by the court failing to show connection between Joseph D. Hoover and D. C. Alexander, plaintiff can not recover."

It appears from the record that in December, 1886, the defendant filed an affidavit stating that "One link in the chain of title to the land in controversy consisted of an original deed dated January 8, 1855, executed

by Joseph D. Hoover to D. C. Alexander; that said original deed was then on file in the General Land Office; that plaintiff deraigned title to the land in controversy through such deed and then had on file among the papers of this cause a certified copy from said Land Office of such original deed, and intended to offer the same on trial for the purpose of proving one link in the chain of title to said land; that the genuineness of such original deed was in question in this cause: that it was full of alterations and interlineations, and plainly showed upon its face that the name of D. C. Alexander, the grantee under whom plaintiff claimed title, was written over the name of some other person; that said original deed had every appearance of having been materially altered since its execution, and was in every way a suspicious document; that by reason of the facts stated this deed could not be proved as an ancient instrument; that said alterations, interlineations, and suspicious facts did not appear upon the certified copy then on file."

Defendant prayed for an order under article 3808 of the Revised Civil Statutes for the delivery of said original deed and its production on the trial of this cause.

The deed was withdrawn from the Land Office. On the trial of this case it was offered by the plaintiff as an ancient instrument, as a deed duly proved up by the evidence of Joseph Ulrich, the subscribing witness, and as a recorded instrument under article 2257 of the Revised Statutes.

The grounds of objection were that "it showed upon it face to have been altered by erasing the name of the grantee therein and writing over it the name to D. C. Alexander, and showed that it was made to a different person than D. C. Alexander, and such person's name had been erased and D. C. Alexander's inserted since its execution; and no effort was made to explain such alteration." And further that the subscribing witness, Joseph Ulrich, had testified that he had no recollection of having seen or known Joseph D. Hoover, and if he had he had forgotten it; did not recollect the name of the grantee in it or the circumstances of his signing it as a witness, but he recognized his signature as a subscribing witness; and that the words "by, through, or under me" in the deed were in his handwriting.

It is claimed by the appellee (defendant in the lower court) that there were palpable and material erasures and alterations upon the face of the deed which the plaintiff wholly failed to account for, and that the conveyance was not corroborated by any testimony whatever, and that it was correctly excluded.

The affidavit is simply such as is expressly provided for by article 3808 of the Revised Statutes, and its sole purpose was to obtain from the General Land Office the original instrument therein referred to. This having been done and the original instrument having been produced in court

on the trial, the affidavit had performed fully its functions and was not to be considered further as attacking the deed.

We think under the conceded facts in this case that the deed should have been admitted, and any question the evidence may have raised respecting it should have been submitted to the jury.

We think, therefore, that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*