### C. E. McCELVEY ET AL. v. W. R. CRYER ET AL.
#### No. 454.

1. **Acknowledgment of Deed—Validation—Notary Public.**—Under the Act of January 19, 1839, a notary public was not authorized to take an acknowledgment, and the validating clause in the Act of February 5, 1841, did not cure an acknowledgment defective in this respect; but the Act of February 9, 1860, had such effect in cases where the deed had been recorded in the proper county.

2. **Ancient Instrument—Proper Practice.**—Where a deed is over fifty years of age, and has been recorded over forty years, and comes from the proper source, the mere fact of the erasure therein of one name and the insertion of another does not throw such suspicion upon the instrument as necessitates explanation as a prerequisite to its admission in evidence. It should be admitted, and any question raised by the evidence respecting its genuineness should be submitted to the jury.

3. **Evidence in Proving Common Source.**—A certified copy of an instrument of title defectively authenticated is not admissible in evidence merely because it is offered only for the purpose of showing a common source of title.

APPEAL from Bee. Tried below before Hon. S. F. GRIMES.

*Harris, Saunders & Hunter,* for appellants.—1. The court below erred in excluding from the jury the deed from Humphrey Beckley to Samuel Jordan as an instrument not properly authenticated for record. Act of 20th January, 1836, sec. 4, Laws of the Provisional Govern-

ment; Butler v. Dunagan, 19 Texas, 565; Hart. Dig., arts. 2591–2605, 2776, 2777; Davis v. Roosvelt, 53 Texas, 305; Pasch. Dig., arts. 5021, 5522; Waters v. Spofford, 58 Texas, 122; Pasture Co. v. Preston & Smith, 65 Texas, 455; Wilson v. Simpson, 68 Texas, 313; Brownson v. Scanlan, 59 Texas, 223; 65 Texas, 457.

2. The court erred in excluding from the jury the deed from Humphrey Beckley to Samuel Jordan, on the objection of defendants, that it was not admissible as an ancient instrument, because not free from suspicion, the name of Jordan having been written over the name Whiting as grantee in the deed. Ammons v. Dwyer, 78 Texas, 646; Newby v. Haltaman, 43 Texas, 314; Mapes v. Leals' Heirs, 27 Texas, 346; Stroud v. Springfield, 28 Texas, 649; Schifflett v. Morelle, 68 Texas, 383; Holmes v. Coryell, 58 Texas, 680; Parks v. Caudle, 58 Texas, 217; 9 Pet. (U. S.), 60.

3. Whether the deed is thirty years old, free from suspicion, produced from the proper custody, and whether or not it is genuine, are facts proper to be submitted to the jury. Pasture Co. v. Preston & Smith, 65 Texas, 458; Warren v. Fredericks, 76 Texas, 652; Ammons v. Dwyer, 78 Texas, 649; Parker v. Chancellor, 73 Texas, 478; 58 Texas, 688; Wilson v. Simpson, 80 Texas, 279.

4. Not being attacked by an impeaching affidavit, it ought to be regarded as genuine. McCamant v. Roberts, 80 Texas, 316.

Deed admitted even when affidavit of forgery is filed: Stooksberry v. Swan, 85 Texas, 565.

5. There is a legal presumption in favor of ancient documents coming from the proper custody, even in cases where the documents are not on their face perfectly regular. Johnson v. Timmons, 50 Texas, 521; Rodriquez v. Haynes, 76 Texas, 231; Hogans v. Carruth, 19 Fla., 84.

6. An alteration in a deed is presumed to have been made before it was executed. Rodriquez v. Haynes, 76 Texas, 231; Doe v. Catomar, 17 Q. B., 725; 7 Am. and Eng. Encyc. of Law, 90; 1 Greenl. on Ev., sec. 564.

7. The record of a deed or copy thereof, even though defectively executed or improperly acknowledged and certified, is admissible to prove claim under a common source. Rev. Stats., art. 4802; Lassater v. Vanhook, 77 Texas, 650; Burns v. Goff, 79 Texas, 236; Glover v. Thomas, 75 Texas, 506.

*Beasley & Flournoy,* for appellees.—1. The transfer from Humphrey Beckley to Samuel Jordan, when offered in evidence under the statute as a deed duly recorded, was properly excluded by the court, because the same was not properly authenticated for record. Pasch. Dig., arts. 481, 4682, 4683, 4974, 4984, 5007, 6006.

2. The transfer from Beckley to Jordan is not "free from suspicion on its face," and was therefore properly excluded by the court when

offered in evidence as an ancient instrument.    70 Texas, 406;  60 Texas, 550;  28 Texas, 650.

3.  The transfer from Beckley to Jordan, showing upon its face that as originally written it was a conveyance to Samuel Whiting, and that the name Whiting had been partially erased, and in its stead the name Jordan written in a different handwriting and different ink, and no explanation of such alteration having been made or offered to be made, the court was correct in excluding it; and that notwithstanding it might otherwise have been admissible as an ancient instrument, or as a deed duly recorded under the statute.    Collins v. Ball, Hutchings & Co., 82 Texas, 259;  Park v. Glover, 23 Texas, 469;  70 Texas, 406;  41 Texas, 371.

4.  The power of attorney from Lyon to Edward Cowan, and the deed by Cowan as attorney, not being properly authenticated for record, and no proof of their execution being made or offered, certified copies thereof were not admissible in evidence when offered by the plaintiffs to show that defendants claimed under a common source of title with the plaintiffs.    Rev. Stats., arts. 2257, 4294, 4297, 4298, 4331, 4333, 4802;  Bosse v. Cadwallader, 24 S. W. Rep., 798.

FLY, Associate Justice.—This is an action of trespass to try title instituted by appellants to recover a one-sixth interest in 1280 acres of land patented to Humphrey Beckley.  The court instructed a verdict for appellees.

A patent from the State of Texas to Humphrey Beckley was introduced, and appellants then sought to introduce the original deed purporting to have been executed by Humphrey Beckley to Samuel Jordan, executed in February, 1839, and conveying to said Jordan a military bounty warrant or certificate for 1280 acres of land.  This deed was acknowledged before a notary public, who used a private seal, because he had no public seal.  This deed was met with the objection that it was not properly authenticated for record; that the officer before whom the acknowledgment was taken was not authorized to take acknowledgments at that time, and that there was no seal attached.  The deed was excluded.  By an act passed on January 19, 1839, and which took effect from passage, no one was permitted to take acknowledgments or make proof of deeds and other conveyances except the County Court or the chief justice of the same, or the clerk in whose office the instrument was to be recorded.  All conflicting laws were repealed. This act was in effect at the time the acknowledgment to the deed in question was taken, and under the provisions of that act it was invalid, because taken before an officer not authorized to take acknowledgments, and of course was improperly recorded, unless some subsequent law has validated its registration.  On February 5, 1841, an act was passed validating the registration of all deeds and conveyances that had been registered before the passage of the act, "any obscurity or conflict in the existing laws to the contrary notwithstanding."  Hart.

Dig., art. 2776. In the case of Waters v. Spofford, 58 Texas, 121, it is held, that the Act of February 5, 1841, had reference to acknowledgments and records made before its passage, as well as to records made after that time upon prior acknowledgments; but this is evidently a misconception of the scope of the statute, which merely validates the registry of deeds made prior to the adoption of the act, and then provides for the registration of instruments "hereafter to be made and recorded." There is no provision validating the acknowledgments of instruments made anterior to the passage of the act, the whole object and intent of the law being to render legal the registry of instruments made before the passage of the act, and to provide for the manner of acknowledgment and proof and proper registration of instruments executed after its passage. Hart. Dig., arts. 2776, 2777.

When the deed from Beckley to Jordan was recorded in 1851, it was improperly and illegally done. However, on February 9, 1860, it was enacted by the Legislature, that "any grant, deed, or other instrument of writing for the conveyance of real estate or personal property, or both, or for the settlement thereof in marriage, or separate property, or conveyance of the same in mortgage, or trust to uses, or on conditions, as well as any and every other deed or instrument required or permitted by law to be registered or recorded, shall be held to have been lawfully registered, with the full effect and consequence of existing laws; provided, the same shall have been acknowledged by the grantor or grantors, before any chief justice or associate justice, or clerk of the County Court, or notary public, in any county within the late Republic or the now State of Texas, or judge of the department of the Brazos, or any primary judge, or judge of the first instance, in 1835 or 1836, or proven before any such officer, by one or more of the subscribing witnesses thereto, and certified by such officer, whether such acknowledgment or proof shall have been made before any such officer of the county where such instrument should have been recorded or not." Pasch. Dig., art. 5021.

In article 5022 it is provided, that "all such instruments which shall have been acknowledged or proven before any officer named in the foregoing section of this act, and which shall have been afterwards recorded in the proper county, or certified copies thereof, shall be evidence in the courts of this State, as full and sufficient as if such acknowledgment had been taken, or proof made in accordance with existing laws." As said in Butler v. Dunagan, 19 Texas, 565, such validating statutes should be liberally construed, and we are of the opinion that the registry made in 1851 of the conveyance of Beckley to Jordan was validated by the act in question. Such being the case, it was error in the District Court to reject the instrument as not being properly recorded. The circumstances seem to indicate that the land was patented by virtue of the certificate sold by Beckley to Jordan.

The deed in question was also admissible as appearing to be an ancient instrument. Being over fifty years of age, having been recorded

for over forty years, and having come from the proper source, the mere fact of the erasure of the name of "Whiting" and the insertion of the name of "Jordan," would not throw such suspicion upon the instrument as would necessitate explanation as a prerequisite to its admission as an ancient instrument. The deed should have been admitted, and any question raised by the evidence respecting its genuineness should have been submitted to the jury. Stribling v. Atkinson, 79 Texas, 162; Holt v. Maverick, 5 Texas Civ. App., 650; 23 S. W. Rep., 751. When an instrument purporting to be an ancient one is attacked, and the question of its genuineness is made an issue by the testimony, the question, under proper instructions, should be submitted to the jury for its determination. Pasture Co. v. Preston, 65 Texas, 445; Warren v. Fredericks, 76 Texas, 652; Ammons v. Dwyer, 78 Texas, 639.

In an effort to show a common source of title, appellants offered in evidence certified copies of a certain power of attorney from certain heirs of Samuel Jordan to Cowan, and of a deed by Cowan, by virtue of his attorneyship, to L. F. Roberts. These instruments were not properly authenticated, and the originals had not been legally recorded, and we are of opinion that they should have been excluded as testimony. This question does not arise in the cases cited by appellants. It is held in those cases, that void and inoperative deeds through which a party claims may be introduced by his opponent to show common source of title; but the question presented in this case is one not as to the validity or invalidity of any link in the title showing common source, but it is one as to the manner of proof. Burns v. Goff, 79 Texas, 236. We have seen no authority for relaxing the rule of practice as to the admission of certified copies of recorded instruments as embodied in article 2257 of the Revised Statutes in establishing common source of title. It is probable, however, that this question and others raised may not arise on another trial.

The judgment of the District Court will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 31, 1894.