STILLMAN BARBER v. SARAH S. B. GEER.

Decided May 5, 1900.

**Evidence—Alteration of Letter—Breach of Promise of Marriage.**

Where, to prove defendant's promise to marry, plaintiff offered in evidence a letter written to herself by him showing the complete erasure of several words in a material part, and which erasure was of a suspicious character, indicating a material change made in plaintiff's interest, the error in admitting the letter without any explanation offered by plaintiff as to the erasure, was such, the promise to marry being the principal issue and the evidence thereon conflicting, as to necessitate a reversal of the judgment.

APPEAL from Fisher. Tried below before Hon. J. M. WAGSTAFF, Special Judge.

*L. B. Allen,* for appellant.

*McCrea, Green & Ponder,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This was an action for breach of promise of marriage. Appellee sought to prove her case by letters received from appellant, as well as by her own testimony to oral promises subsequently made and broken. Appellant denied that he had ever promised, by letter or otherwise, to marry appellee.

Among other letters read in evidence was one dated November 5, 1897, purporting to have been written by appellant, and which the evidence tended to show had been written by him. The most important part of this letter is to be found about the middle thereof, reading: "Now right to the Point. I would visit you—," which is followed by an erasure of several words, so completely made as that it is impossible to tell what has been erased. The letter then proceeds: "Would you come to Texas and Become my loving Wife to live with and to love untill death seperates us How are you situated how long would it take you to get ready to leave."

Appellant objected to its introduction in evidence, upon the ground that it had been so mutilated that it was impossible to ascertain what its terms were originally "in the material part thereof, in this: An entire line in said letter, between the words 'I would visit you' and 'would you come to Texas,' can not be deciphered, thereby giving said letter a meaning entirely different from what it was as originally written." No explanation whatever was offered by appellee of this erasure.

The original letter has been sent up for our inspection, by order of

the District Court, and the erasure is undoubtedly of a suspicious character, indicating a material change in the interest of the appellee. Of itself it furnished presumptive evidence of an unauthorized alteration, made after delivery. Therefore, as the letter has been in her exclusive custody, we think it was incumbent on her to explain the erasure, if she could, before she was entitled to have it read in evidence. In support of this conclusion we cite Park v. Glover, 23 Texas, 469, and Insurance Co. v. Coalson, 22 Texas Civ. App., 64. See also Dewees v. Bluntzer, 70 Texas, 406; Stribbling v. Stephenson, 79 Texas, 164; Collins v. Ball, 82 Texas, 259; Otto v. Halff, 89 Texas, 384, 34 S. W. Rep., 910.

This was the rule when parties litigant were not allowed to testify in their own behalf, and hence could not always explain material alterations, and we see no reason why it should not be enforced still, now that the hardships of the rule have been removed by modern statutes making parties competent witnesses for themselves. It is but reasonable that one offering from his own custody a mutilated writing indicating, or raising the suspicion, that it had been altered in his own interest after delivery, should explain it. It has been held in this State that the statute which requires the execution of a written instrument upon which a pleading is founded in whole or in part to be denied under oath by the party who is alleged to have executed it, is not applicable to the case of a material alteration, and consequently that statute does not affect the question at issue. Insurance Co. v. Coalson, supra, and cases there cited, particularly Heath v. State, 14 Texas Crim. App., 213.

As none of the letters offered in evidence, including this one, contained an express promise of marriage, and as the oral testimony was conflicting, it must be held that the ruling complained of in admitting this mutilated letter without explanation was materially erroneous and necessitates a reversal of the judgment. The judgment is reversed and the cause remanded.

*Reversed and remanded.*