## STILLMAN BARBER v. SARAH S. B. GEER.

Decided January 10, 1903.

**1.—Marriage Contract—Breach—Evidence—Question for Jury.**

Where plaintiff in an action for breach of promise of marriage sought to show such a promise made through written correspondence, some of the letters not being produced, but oral testimony as to their contents being admitted, the charge of the court properly left to the jury the construction of the letters relied on.

**2.—Same—General Reputation.**

Evidence of plaintiff's reputation for truth and veracity is not admissible in an action for breach of promise of marriage for the purpose of mitigating the damages claimed to have resulted from wounded feelings and injured reputation.

Appeal from the District Court of Fisher. Tried below before Hon. P. D. Sanders.

*A. H. Kirby, L. B. Allen,* and *Theodore Mack,* for appellant.

*McCrea, Green & Ponder,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This is appellant's third appeal in this case. The first judgment was reversed because of the admission in evidence, without explanation, of a mutilated letter. 23 Texas Civ. App., 531, 57 S. W. Rep., 58. The second judgment was reversed, under rulings of the Supreme Court, because of the refusal of the District Court to give a certain special instruction requested by appellant, and because of its refusal to quash a deposition returned into court under a double cover with some informality of indorsement. 26 Texas Civ. App., 89, 65 S. W. Rep., 934 and 1007 (contra, Evans v. Reynolds, 32 Ohio St., 163). These rulings were all observed on the last trial, which resulted in a verdict and judgment in favor of appellee for $2750, from which this appeal is prosecuted.

Error is first assigned to the second paragraph of the charge upon the ground that it submitted the issue of a verbal contract of marriage when only a written one had been alleged, but the assignment must be overruled, if for no other reason, because the comprehensive language complained of, which was but a statement in general terms of the law of marriage contracts, was restricted in its application to this case by the third, fourth and seventh paragraphs of the charge to a contract by correspondence, as alleged.

Error is next assigned to the charge because it left to the jury the construction of the letters relied on by appellee to establish the contract declared on, but clearly the evidence was not such as to warrant an instruction that this written correspondence was insufficient as evidence of such contract. Some of the letters were not produced and oral testimony as to their contents was admitted. The evidence of appellee, which seems to have been accepted by the jury, though somewhat in

conflict with that of appellant and other witnesses, tended to show a promise of marriage on the part of appellant and an acceptance by appellee as a result of the correspondence between them, including, of course, the lost letters.

The third, fourth and eleventh assignments complain that the mutilated letter was inadmissible, and should not have been considered "for any purpose;" but we think appellee's explanation, though not very satisfactory, was nevertheless sufficient to warrant the court in submitting that phase of the issue to the jury.

The fifth and sixth assignments complain of the court's refusal to give appellant's first and third special charges, but must be overruled because the ground was sufficiently covered by the main charge.

Under the seventh and eighth assignments the only proposition submitted is, in substance, that reputation for truth and veracity of the plaintiff in action for breach of promise of marriage is competent in mitigation of special damages claimed to result from wounded feelings, injured reputation, etc., in support of which the case of Collins v. Clark, recently decided by this court, 30 Texas Civ. App., 341, is cited; but we think the cases are distinguishable, and that the proposition it not maintainable. The evidence warranted the verdict.

Judgment affirmed.

*Affirmed.*

Writ of error refused.