## Krause v. Meyer.

1. **Promissory note: ALTERATION OF: CONTRACT.**   It seems that the alteration of a note, if made through mistake or innocently, will not preclude the right of the holder to recover on the original consideration.

2. ———— **MISREPRESENTATION OF AGENT: PARTNER.**   An alteration by the payees in a promissory note, inserting interest therein, made in good faith upon the false representations of their agent who obtained the note, to the effect that the makers authorized the insertion of in·

terest in the event the payees were not satisfied without, will not estop the payees from recovering on the original consideration.

3. —— Nor would the fact that the salary of the agent was in part paid by a commission on the profits of the sale constitute him a partner or change the rule above stated.

4. —— EVIDENCE. Any evidence tending to show the good faith of the payees in making the alteration is admissible.

*Appeal from Scott District Court.*

FRIDAY, DECEMBER 8.

ACTION at law. The original petition declares upon an account for goods and merchandise sold to defendant. The amended petitions, without waiving the original petition as a cause of action, set out a promissory note executed by defendant and another, which, it is averred, was given in the settlement and compromise of plaintiffs' claim upon defendant, as set out in the original petition. It is also alleged in the amended petitions that the note, as it was signed by defendant and his co-maker, did not specify any rate of interest, but that defendant agreed with the agent of plaintiffs, that if they were not satisfied with the note, in the form it was executed, they should so alter it as to make it draw eight per cent interest, and that plaintiffs, being fully empowered so to do, did write the word "eight" in a blank in the note, thereby altering the note so that it would draw interest at the rate of eight per centum per annum. One of the amended petitions alleges that the alteration of the note authorized by defendant was without the consent of defendant's co-maker, and, as to him, it is thereby avoided, and is not, therefore, under the agreement, a satisfaction of the account upon which judgment is asked. The petition, as it now appears, after the amendments, presents three counts, two claiming to recover upon the account, and the last one upon the original agreement of compromise. The answer sets up as a defense to recovery upon

all of the counts of the petition, the alteration of the note by plaintiffs, which, it is averred, was done without authority, and with intent to defraud defendant. There was a verdict and judgment for plaintiffs. Defendant appeals.

*Cook & Bunning* for the appellant.

*Davison & True* for the appellees.

BECK, J. — I. The questions presented for our determination relate to the effect of the alteration of the note and to the admission of certain testimony objected to by defendant. The alteration of the note is admitted in the pleadings; no question is, therefore, made as to this fact, but only as to its effect. There was conflicting evidence as to the circumstances and authority under which it was made. A witness for plaintiffs testified that he was the agent for plaintiffs in the settlement of their claim against defendant; that, after the execution of the note, which was given in satisfaction of the claim, defendant agreed that, in case plaintiffs were not satisfied with the note drawing no interest, they could insert in it proper words whereby it would be made to draw interest. The witness also testified that he informed plaintiffs of this agreement, and they directed the insertion in the body of the note of the words constituting the alteration complained of; he also stated that he was not a partner in the firm of plaintiffs; that he was employed by them upon a fixed salary; and, in addition thereto, was to receive, as his compensation, a certain per centum upon the profits of the firm. The evidence of this witness, as to the agreement under which the alteration was made, was directly contradicted by defendant in his testimony, which was supported, in a degree, by other witnesses.

The court, in the instructions, considered the law to be, and so directed the jury, that, if they found the alteration

*Marginal note:* 1. PROMISSORY NOTE: alteration of: contract.

was without authority and fraudulently done, plaintiffs could recover neither upon the note nor its original consideration. But, if the alteration was innocently made, or was done under a mistake, the plaintiffs, while they could not recover on the note, might recover upon the consideration thereof. This view of the law is assented to by counsel on both sides of the case. It is not, therefore, necessary for us to pass upon its correctness.

II. The court further directed the jury, in the fourth instruction, in substance, that, if defendant did not in fact authorize the alteration, still, if plaintiffs were so informed by their agent, and acted innocently and in good faith in making it, they may recover upon the original agreement to pay the amount of the note in satisfaction of the account. This instruction, while it apparently accords with the principles announced in other instructions, as stated above, to which defendant's counsel assent, it is insisted, is erroneous and calculated to mislead the jury on account of the relation sustained by the agent toward the plaintiffs, hereafter pointed out and considered in connection with another instruction objected to by defendant, which is to this effect: If the alleged agent was in fact a partner of plaintiffs, and was not authorized to make the alteration, and did not act in good faith in making the representations as to defendant's consent to the alteration, but with a design to defraud defendant, the plaintiffs cannot recover; but the fact that the agent received a portion of the profits of plaintiffs' business as a compensation, in addition to his salary, for his services, does not make him a partner in plaintiffs' firm; and, if he was not a partner, his fraud, if he has practiced any, will not affect the plaintiffs, unless they, or one of them, joined therein. The latter part of this instruction is objected to by defendant's counsel.

The position assumed by defendant's counsel is, that admitting the agent not to be a partner, which is conceded

in their argument, yet his interest is such in the note that he is not to be regarded as a stranger, and his fraudulent acts would bind plaintiffs and defeat their right to recover. There is no dispute between the respective counsel as to the doctrine of the law relating to alterations of instruments or their applicability to the transaction before us; defendant's counsel concede the correctness of these doctrines as announced by the court. But the point of difference is, whether the agent has such an interest in the note that his fraudulent alteration of the instrument will render it invalid and defeat recovery also upon its consideration. It is claimed that, inasmuch as he is entitled to a part of the profits of plaintiffs' business, he does possess such an interest and is not a stranger to the parties to the note. We will consider, for a moment, his interest in the note and his relation to the parties. It must be conceded that he has no property in the note and is not a party thereto. He has a contingent interest in a fund of which this note is a part. This interest depends upon the result of the business of the plaintiffs. If they are successful and their business yields a profit, he is entitled to a portion thereof. His interest thus appears not only contingent but remote. There is no privity of contract as to the note existing between him and defendant, and he must, therefore, be regarded as a stranger. His fraudulent representations, if such they were, whereby he procured the alteration of the note, were the acts of a stranger to the contract, and could not avoid it. The good faith of plaintiffs is not questioned. They cannot be held responsible for their agent's act in the matter of his false representation. His fraud cannot be considered theirs. It would be a great hardship and against conscience, to impose upon them the penalty of a fraud of which they were in fact innocent and knew nothing, and in no way aided, directed or sanctioned. The alteration having been innocently done by plaintiff, the result of a mistake or false information imparted to them, they may recover

upon the consideration of the note. See 2 Parsons on Notes and Bills, § 71, *et seq.*, where the effect of alteration of notes, and by whom it must be done to avoid them, is clearly stated.

III. The court permitted evidence to go to the jury, against defendant's objection, of a conversation had between one of the plaintiffs and their agent, who negotiated the settlement with defendant, in regard to the authority defendant had given plaintiffs to make the alteration. In this conversation plaintiffs were informed that defendant had authorized the alteration, and upon the strength of this information they directed it to be done. Defendant's counsel insist that the court erred in overruling the objection to the evidence. We are of a different opinion. It was competent to show the good faith and innocence of plaintiffs, that they acted upon information of the assent of defendant to the change in the note, which they directed. This information was brought them through a proper channel, and the fact that they did receive it was certainly proper to be given in evidence. And that is all that the evidence amounts to. Proof of the conversation was a direct, accurate and proper way to show that plaintiffs did receive such information as well as the manner in which they received it, which was also proper to be shown.

IV. Objections were made to certain answers of a witness to questions propounded him on the ground that they were not responsive and are irrelevant. The questions themselves were objected to on the ground that they called for incompetent evidence. The evidence sought by the answer and given is an explanation of the reasons which induced plaintiffs to alter the note.

This we think was entirely competent in order to show the good faith of plaintiffs. The burden of showing good faith rested upon them; they could do this in no better way than by showing the reasons that prompted their action.

Good faith, or bad faith or fraud, may be shown by the motives that prompt the action in question.

The answer of a witness to a particular interrogatory upon this point, which is the foundation of an objection, may not in strictness be regarded as entirely responsive to the question. But as there is other evidence upon the same point unobjected to, which would authorize the finding by the jury of the good faith of plaintiffs, we cannot set aside the judgment on account of this error, if, indeed, it be one.

We have above considered all the objections raised by defendant. As we are enabled to sustain none of them, the judgment of the district court must be

Affirmed.