JOHN WILKINSON v. SIMON THULEMEYER.

1. PRACTICE.—An action on an open account cannot be maintained where the evidence shows it was closed by note.
2. SAME—PLEADING.—An amendment to a petition upon an account, setting up a written acknowledgment of the debt, must contain an allegation that the note or written obligation was signed and delivered by the defendant.
3. VERDICT.—A general verdict for plaintiff against two defendants does not authorize the entry of judgment against but one of the defendants.
4. PLEADING.—Unless properly pleaded, a written acknowledgment of an account cannot be admitted to take the account out of the statute of limitations.

APPEAL from Colorado. Tried below before the Hon. Livingston Lindsay.

Simon Thulemeyer sued John Wilkinson, a non-resident, owner of a plantation in Colorado county, Texas, managed and conducted by his agent, George S. Zeigler, on an account for money and goods supplied on Wilkinson's account to said agent necessary for the purpose of carrying on said plantation. The amount of the account was $621.82, and it was alleged that Wilkinson always recognized Zeigler as his agent, and approved his acts, and had acknowledged the justice of the account when on a visit to Texas. Service was had by publication.

Both Wilkinson and Zeigler answered, but by separate counsel, Wilkinson denying that Zeigler had authority to bind him, and denying ever approving the account sued on.

By amendment, plaintiff set up an itemized bill, (which

was made against Zeigler,) and alleged that Zeigler had in writing acknowledged its justice, and again alleged Wilkinson's sanction of Zeigler's acts in the matter. Much of the account as set out appeared to be barred by limitation of two years. In the amended petition judgment was asked against both Wilkinson and Zeigler.

Wilkinson, by amended answer, alleged that the credit given by plaintiff was given to Zeigler, and pleaded limitation of two years.

The additional facts are fully stated in the opinion.

Judgment was rendered for the plaintiff against Wilkinson alone, from which he appealed.

*J. T. Harcourt*, for appellant.

*Delaney & Cook*, for appellee.

IRELAND, ASSOCIATE JUSTICE. — Appellant brought suit against Wilkinson on an open account running in date from 1870 to 6th March, 1871.

The suit was brought on the 10th day of September, 1873. Wilkinson is alleged to be a citizen of the State of Missouri, and the proof shows that he never resided in Texas.

He was cited by publication, and came in and filed a demurrer and answer, denying all indebtedness and pleading limitation. On the 7th of February, 1874, plaintiff filed an amended petition in which this allegation occurs: "And the said Zeigler, his agent, executed his notes during his agency aforesaid, wherein the justice of the debt was duly acknowledged and promise of payment made in compliance with said demand. The said Wilkinson at all times acknowledged the agency of said Zeigler, and also the justice of said demand, and stated to your petitioner that he has arranged with his said agent to pay the same."

This is the only allegation touching the notes. If the notes were made the basis or cause of action, it requires no argument to show that there was no such allegation in the

plaintiff's pleadings as would authorize him to maintain the suit.

If the suit is to be treated as having the open account for a basis, then the execution of the notes was a satisfaction of the account, and a recovery could not be had on it.

If the notes were of any validity at all against Wilkinson, they certainly closed the account.

There is no allegation, however, that Wilkinson "made, executed, and delivered the notes," either in person or by Zeigler, his agent. (Jennings v. Moss, 4 Tex., 451.)

It is treated as a suit against Wilkinson alone until the amended petition was filed, in which the prayer is made for judgment against Wilkinson and Zeigler.

The verdict is very meager. It is as follows: "We, the jury in this case, find in favor of the plaintiff."

This verdict would warrant a judgment against Zeigler as well as Wilkinson, yet it is rendered against Wilkinson alone.

There is no replication to the plea of limitation, and it is believed that the account was barred. If it be said that the execution of the notes took the case out of the operation of the statute, the answer is that the notes were not sued on, or were not the cause of action set out.

If the notes are sued upon, the issue will then arise whether Zeigler was or was not authorized by Wilkinson to sign the notes.

The introduction of the notes in evidence was objected to, and the objection should have been sustained. There were no allegations to charge Zeigler, and they were not made the basis of the suit against Wilkinson, and it was error to admit them in evidence. In regard to the proof as to Zeigler's agency, we will only remark that the proof does not by any means render it certain that he was Wilkinson's agent for any purpose connected with this debt. The account is made out against Zeigler.

The notes do not purport to be the notes of Wilkinson,

and Zeigler swears, against his own interest, that he never was agent for Wilkinson; that the debt was his individual debt; and that the notes were his and not Wilkinson's.

REVERSED AND REMANDED.