CLOUGH v. SEAY ET AL.

1. **Mortgage:** FORECLOSURE OF: CONSTITUTIONAL LAW. Section 2509 of the Code, providing that the foreclosure of a mortgage shall be by equitable proceedings, is not open to the constitutional objection that it infringes upon the right of trial by jury.

2. **Promissory Note:** ALTERATION OF: DEBT MAY BE RECOVERED. . The alteration of notes, not fraudulently made, destroys simply the written evidence of the debt, but the debt still remains, and may be recovered in a suit on the original cause of action.

3. ———: MORTGAGE. The mortgage executed to secure a promissory note thus altered is not affected by the alterations, and may be foreclosed.

*Appeal from Union District Court.*

FRIDAY, JUNE 14.

THIS is an action for judgment upon a promissory note executed to plaintiff by the defendant P. H. Seay, for two hundred and eighty dollars, with ten per cent interest, payable annually in advance, and for the foreclosure of a mortgage executed by the defendants to secure said note. The defendants' answer alleges that after said note was issued it was materially altered, without the consent of the defendants, and with the knowledge, consent and authority of plaintiff, by cutting off and removing from the bottom thereof the following words: "We will pay fifteen per cent interest in addition to the interest mentioned in the above note." The plaintiff filed a demurrer to this answer, which was overruled. The plaintiff filed an amendment to his petition, as follows: "That on or about the 11th of January, 1875, the plaintiff, at the request of the defendant P. H. Seay, loaned to the said P. H. Seay the sum of two hundred and eighty dollars, no part of which has been paid; that defendant orally agreed to pay ten per cent interest per annum for the use of the money

loaned, no part of which has been paid, except the interest for one year; that to secure the payment of the money loaned the defendants executed and delivered to plaintiff their certain mortgage deed upon lots 687 and 688 in Afton, Iowa, a copy of which mortgage deed is annexed to the original petition in this case, and (plaintiff) demands relief as prayed for in original petition."

The defendants deny the allegations of this amendment, and aver that the mortgage was executed to secure the payment of a note for two hundred and eighty dollars, which has been materially altered, as above set out. The defendants demanded a jury trial, which the court denied. The defendants excepted. The cause was tried by the court, and the facts were found as follows:

1. That there had been a material alteration of the note sued upon, as declared in the original petition, and by reason of said alteration that plaintiff might not recover thereon.

2. That on the 11th day of January, A. D. 1875, said plaintiff loaned to the defendant P. H. Seay the sum of two hundred dollars, and no part of the sum has been paid.

3. That said sum of two hundred dollars was loaned on a usurious contract.

4. That the mortgage given by P. H. Seay and S. E. Seay on lots six hundred and eighty-seven and six hundred and eighty-eight, in the town of Afton, was given to secure said loan of two hundred dollars. The court rendered judgment in favor of plaintiff for two hundred dollars against P. H. Seay, and in favor of defendant against the plaintiff, Samuel Clough, for the costs of the suit, and in favor of the State of Iowa for the use of the school fund against the defendant P. H. Seay for forty-eight dollars and seventeen cents, and decreed a foreclosure of the mortgage, and ordered that special execution issue against said mortgaged premises to satisfy said several judgments, with interest at six per cent per annum. The defendants appeal.

*McDill & Sullivan* and *S. W. McEldery*, for appellants.

*Rowell & Milligan*, for appellee.

DAY, J.—I. The appellants assign as error the action of the court in denying them a jury trial, and insist that upon

**1. MORTGAGE: foreclosure of: constitutional law.** the issue as to usury and alteration in the note they were entitled to a trial by jury under article 1, section 9, of the Constitution. Section 2509 of the Code of 1873 provides: "The action on a note, together with a mortgage or deed of trust for the foreclosure of the same, shall be by equitable proceedings." This action was brought upon a note, and for the foreclosure of a mortgage made to secure it. We think that all the issues properly arising in such an action may be tried as an issue in an equitable proceeding, if this section be constitutional. In *State v. Orwig*, 25 Iowa, 280, the following language is employed: "Conceding appellants' proposition that the cause was, as to Orwig, a mortgage foreclosure case, yet it was undeniably of equity cognizance as distinguished from a case at law, and being such * * * * appellant could not, as of right, demand a jury trial, since neither the old nor new Constitution, nor any statute, ever gave an absolute right to a jury trial in equity suits." Without further extending the opinion upon this branch of the case, we think this holding is decisive of the constitutionality of a law providing that an action for the foreclosure of a mortgage shall be by equitable proceedings.

II. Appellants insist that the alteration of the note was fraudulent, and that, therefore, the plaintiff should not be permitted to recover upon the original consideration. The answer does not allege, nor does the court find, that the alteration was fraudulent. We have no statement that the abstract contains all the evidence, and hence we cannot review the findings of the court upon the facts. If, however, the abstract contains all the evidence, and the case were in a-

dition to be tried *de novo*, we should feel impelled to find that the fact of alteration is not established by a preponderance of evidence. We are bound by the finding of the court that there was a material alteration, but we cannot go beyond that finding, and find the further fact that the alteration was fraudulent.

III. Appellants seem to insist, however, that the note embraces the contract of the parties, and supplies the place of any implied promise arising out of the bor_rowing of the money, and that the alteration of the note, however innocently made, deprives the plaintiff of any right to recover upon the original considera-tion. We believe the better doctrine to be opposed to this view. In *Krause v. Meyer*, 32 Iowa, 569, both parties con-ceded that if the alteration was innocently made the plaintiff might recover upon the consideration of the note. Because of this concession the point was not determined in that case. In *Vogle et al. v. Ripper*, 34 Illinois, 100, which was an action to foreclose a mortgage executed to secure notes which had been altered so as to draw ten instead of six per cent, the follow-ing language is employed: "In a court of equity a mortgage is regarded as an incident of the debt, and, where a mortgagee has released or discharged the debt by a fraudulent alteration or destruction of the written evidence of it, he ought not to be permitted to sustain a suit for its recovery; but where the alteration was not fraudulent, although the identity of the instrument may be destroyed, we think it should not cancel the debt of which the instrument was merely the evidence. If there was no attempt to defraud there is no reason why a court should not assist the creditor so far as it can consist-ently." In this case there was a decree for the sum due, and foreclosure of the mortgage. See, also, *Matteson v. Ellsworth*, 33 Wis., 488. In Parsons on Notes and Bills, vol. 2, page 572, respecting alterations of notes innocently made, it is said: "And though it is true that an avoided note, destroyed inno-cently by a material alteration, cannot even be evidence of

2. PROMISSORY
note: altera-
tion of: debt
may be recov-
ered.

Clough v. Seay.

the original debt, it does not destroy the debt. The debt is still obligatory, and may be recovered by a suit on the original cause of action." The case of *Wheelock v. Freeman*, 13 Pickering, 165, upon which appellants rely, was decided upon the ground that the alteration was fraudulent.

IV. It is claimed that the court erred in decreeing the foreclosure of the mortgage, the note, which it was executed to secure, having been rendered void by a material alteration. We think this action of the court was right. See *Vogle v. Ripper*, 34 Illinois, 100; *Sloan v. Rice*, 41 Iowa, 465.

3. ——:
mortgage.

V. It is further claimed that the court erred in allowing the plaintiff six per cent interest on the sum of two hundred dollars, when it found from the evidence that the loan was usurious. The court rendered judgment for two hundred dollars only, and ordered that the judgment bear interest at the rate of six per cent per annum. In this there was no error. A judgment should draw the statutory rate of interest, although it may be rendered upon an usurious contract. The contract becomes merged in the judgment, which is free from any taint of usury. We discover no error in the record.

AFFIRMED.