LOUIS OTTO ET AL. v. M. HALFF & BRO.

No. 397.—Decided March 23, 1896.

1. **Finding Additional Facts—Practice.**
    This court has no means of correcting error by Courts of Civil Appeals in refusing a request for additional findings of facts. (P. 389.)

2. **Findings of Facts by Trial Court.**
    It is not necessary that the record on appeal should show that findings of facts by the trial judge, appearing in the record, were made at the request of the parties or of one of them. It will be presumed that they were. (P. 389.)

3. **Question of Fact.**
    There being testimony in the record from which the finding of a fact by the Court of Civil Appeals is or may be supported, this court cannot revise such finding upon other evidence in the record. (P. 389.)

4. **Executing Note for Preceding Debt.**
    Where a debt exists and a note is given therefor by the debtor, the right of action is suspended upon the original consideration until the note becomes due, and if it is unpaid at that time, the creditor may elect to sue upon the original indebtedness, or upon the note, unless the note was accepted as payment of the preexisting debt. In absence of other evidence it will not be presumed that the note was accepted as payment. (P. 390.)

5. **Alteration of Note Without Maker's Consent.**
    While a material alteration of an instrument of writing without the consent of the maker renders the instrument void, so that it will not support an action, yet if the alteration was made with the honest purpose to make it conform to the agreement of the parties, the party making the change will be permitted to recover upon the original consideration for which the note was given. (P. 391 to 393.)

6. **Same—Collaterals.**
    A note given for a pre-existing debt was secured by collaterals delivered with it and described therein. The unauthorized alteration of such note rendered it void and released the collaterals. The creditor could only recover upon his original claim. (P. 394.)

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Bexar County.

Louis and J. A. Otto sued Halff & Bro. to cancel a note given by plaintiffs in settlement of an account and to enjoin defendants from disposing of collateral notes pledged to secure it. Defendants admitted and sought to justify the alteration and asked judgment on the original consideration. Plaintiffs had judgment cancelling the note. Defendants had judgment against plaintiffs for balance due on the original account and the collaterals were held to secure it. This judgment was affirmed on appeal, and plaintiffs and appellants procured writ of error.

Touching the conclusions of fact filed by the trial court, the Court of Civil Appeals say: Appellants contend among other things that the conclusions of fact filed by the trial judge should not be given any effect because they were filed without having been requested by either party. There is no force in this point, as it does not affirmatively appear by the record that such was the case; the only suggestion of it being in a motion to strike out the conclusions, which was overruled, perhaps for the reason that a request had been made. We might well presume from the filing of the conclusions that the request therefor had been made. Moreover, the judgment in favor of appellees would require us to consider that the court made the very conclusions that were filed, for by no other findings could that judgment have been reached.

*McNeal, Harwood & Walsh,* for plaintiffs in error.—The Court of Civil Appeals erred in refusing to find the additional facts which were requested by plaintiffs in error, said additional facts being undisputed and in the record, and necessary to the proper presentation of the case. Rev. Stats., 1333.

The court erred in holding that it was not necessary that the record should show that the findings and conclusions of the trial judge in the record were filed on the request of one of the parties.

An alteration made by the payees of a note, without the consent of, and which in any degree varies the legal effect of the instrument to the prejudice of the makers, releases the latter, though no actual fraud is meditated. Such an alteration is a fraud in law when not in fact. Bowser & Lemmon v. Cole, 74 Texas, 222; Bogarth v. Breedlove, 39 Texas, 563; Parke v. Glover, 23 Texas, 472; Dewees v. Bluntzer, 70 Texas, 407-8; Collins v. Ball, Hutchings, 82 Texas, 268; Wood v. Steele, 6 Wallace, U. S., 80, and authorities there cited. Randolph on Commercial Paper, 1742; Byles on Bills, 228; 2 Daniel Neg. Inst., 1410-1411-1413; Bishop on Contracts, 296; Porter v. Doby, 2 Rich. Eq., 49; Washington Savings Bank v. Ecky, 51 Mo., 272; Boston v. Benson, 12 Cush., 61; Richmond Mfg. Co. v. Davis, 7 Blackf., 412; Stoddard v. Penneman, 108 Mass., 366; Fay v. Smith, 1 Allen, 477; Newell v. Mayberry, 3 Leigh Va., 250, reported in 23 Am. Dec., 262; White v. Hass, 32 Alabama, 430, reported in 70 Am. Dec., 548; Wheelock v. Freeman, 13 Pick. (Mass.),

165, reported in 23 Am. Dec., 674; Draper v. Wood, 112 Mass., 315, reported in 17 Am. Rep., 92.

If the alteration is material and beneficial to the holder, fraud will be presumed as against him. Huntington v. Finch, 3 Ohio St., 445; and it will further be presumed that the original instrument was against his interest. Love v. Dilly, 64 Md., 238. If it is altered designedly by the owner, it will be rendered void even without fraud on his part. Vannuken v. Hornbeck, 14 N. J. L., 178; First National Bank v. Frieke, 75 Mo., 178. It is sufficient to show that the note has been materially altered without any allegation or proof of fraud. Eckert v. Piekel, 59 Iowa, 545; and when payment is made by mistake on an altered note, from which the party paying had been discharged by the alteration, he may recover the payment so made. Fraker v. Little, 24 Kan., 594.

The holder of a note, after materially altering it, can not recover either on the note or on the original consideration for which the same was given. Wood v. Steele, 6 Wallace (U. S.), 80; Newell v. Mayberry, 3 Leigh (Va.), 250, reported in 23 Am. Dec., 262; White v. Hass, 32 Ala., 430, reported in 70 Am. Dec., 548; Wheelock v. Freeman, 13 Pick. (Mass.), 165. This is an opinion by Chief Justice Shaw and is the leading case and is also reported in 23 Am. Dec. 674; Draper v. Wood, 112 Mass., 315, reported in 17 Am. Rep., 92; Fay v. Smith, 1 Allen, 477; Mayer v. Hancke, 55 N. Y., 412; Booth v. Powers, 56 N. Y., 26; Martindale v. Follett, 1 N. H., 95; Smith v. Man, 44 N. H., 553; Bigelow v. Stilphen, 35 Vermont, 521; Mills v. Star, 2 Bailey S. C., 359; Whitever v. Frye, 10 Mo., 349; Alderson v. Langdale, 3 B. & Ad., 660; Blank v. Bowman, 15 Braden, 166; Taylor v. Taylor, 12 B. J. Lea, 714; Gladstone v. Dew, 9 U. C. C. P., 439; Lee v. Murdock, 4 Patt. App., 261; Vogle v. Ripper, 34 Ill., 100; Holland v. Hatch, 11 Ind., 497; Sturgis v. Williams, 9 Ohio St., 443, reported in 75 Am. Dec., 473; Trigg v. Taylor, 27 Mo., 245; see 72 Am. Dec., 263; Babb v. Clemson, 10 Serg. & Rawle, 419; see 13 Am. Dec., 684; Waring v. Smith, 2 Barb. Ch. N. Y., 119; see 47 Am. Dec., 299; Warder Bushnell Co. v. Willyard, 46 Minn., 531; see 24 Am. St. Rep., 250; Walton Plow Co. v. Campbell (Neb.), Law Rep. Ann., book 16, 468; see extended notes to Woodworth v. Bank of America, 10 Am. Dec., 267, and authorities.

Under principle enunciated the holder has no right of recovery in equity. Sharp v. Baywell, 1 Dev. Eq., 115; Bigelow on Fraud, 255-6 (Ed. 1888); id., vol. 2, 637-641. In Bowser & Lemmon v. Cole, 74 Texas, 225, the court says: "When a party claiming under an alleged altered instrument has been in possession of it, it affords a presumption that the alteration was made by him, and it devolves on him to show that he was not privy to it." The court then quotes and adopts the doctrines announced in Wood v. Steele, 6 Wallace, 81, to-wit: "In English and American jurisprudence it is now well settled that a material alteration in any commercial paper without the consent of the party charged, extinguishes his liability. The reason is obvious. The agreement is no longer the one into which the defendant entered. Its identity is changed,

another is substituted without his consent and by one who had no authority from him. To prevent and punish such tampering, the law does not permit the plaintiff to fall back upon the contract as it originally was, but its stern and wise policy annuls it as to the party sought to be wronged."

In Van Auken v. Hornbeck, 14 N. J. L., 178, and Bank v. Frieke, 75 Mo., 178, it is held that if the holder of a note alters it designedly, it will be rendered void even without fraud on his part. In Wheelock v. Freeman, cited above, the court says: "That it was fraudulent is a conclusion of law from the fact that it was done wilfully, for his own benefit and to the injury of the defendant, by accelerating the payment."

The court is further referred to a line of cases which hold that in case of merger of the original consideration in the written instrument, return to the original consideration can not be had after the instrument is once executed and delivered, viz.:

Whitmer v. Frye, 10 Mo., 348; Waring v. Smith, 2 Barb. Ch. N. Y., 119; 47 Am. Dec., 299; Mills v. Starr, 2 Bailey, S. C., 359; Wheelock v. Freeman, 13 Pick., 165. The giving of a note by the debtor is satisfaction of the debt and resort can not be had on the original account. Wilkinson v. Thulemeyer, 44 Texas, 470; 2 Daniel Neg. Inst., 278-1293; Pleasants v. Mery, U. S. Dallas, 388. The giving of a note is presumptive evidence of the settlement of accounts between the parties up to its date. Rowe v. Colliers, 25 Texas Sup., 252; Maynard v. Johnson, 4 Ala., 116; Gaskin v. Wills, 15 Ind., 253; Hill v. Sloan, 59 Ind., 181.

When the original debtor's note is taken with the endorsement of a third party and is received in satisfaction it will be a settlement of the original debt, although it is for a smaller amount. Varney v. Connery, 77 Maine, 527.

The alteration released the collaterals. Tate v. Fletcher, 77 Ind., 102; Brigham v. Wentworth, 11 Cush., 123; Williams v. Barnett, 52 id., 637.

*Lewy & Sehorn*, for defendants in error.—While it may be conceded that a material alteration made in a promissory note by the payee thereof destroys the note itself, yet where such alteration is innocently made and under the honest belief of a right to so alter it, and with no fraudulent intention of injuring the maker thereby, the payee may recover on the consideration for which the note was given. Harper v. Stroud, 41 Texas, 374; Matteson v. Ellsworth, 14 Am. Rep., 766; Hunt v. Gray, 10 Am. Rep., 232; Cluet v. Small, 17 Wend., 235; Bank v. Shafer, 31 Am. Rep., 395; Merrick v. Boury, 40 O. St., 60; 1 A. & E. Ency. Law, 520, and authorities there cited; Elliott v. Blair, 47 Ill., 342; Tiedeman Com'l Paper, sec 392; 3 Rand., Com'l Paper, sec. 1763; 2 Dan'l Neg. Inst., sec. 1411 (3d ed.).

Since the evidence showed, and the lower court found the fact to be, that the collateral notes were given to secure the indebtedness due from Louis Otto to appellees, there was no error in the court refusing to compel appellees to surrender possession of said collateral notes. It was the

debt due from Louis Otto to appellees that was secured by the collateral notes, and not the note given by Louis and J. A. Otto, which was but an evidence of such debt. Boyd v. Brotherson, 10 Wend., 93; Gillett v. Smith, 18 Hun., 10; Beer v. Laudman, 31 S. W. Rep., 805.

BROWN, Associate Justice.—On December 18, 1893, L. Otto was indebted to M. Half & Bro. on open account for merchandise sold him to the amount of $2635.11, to become due in January and February, 1894. On that date defendants agreed with J. A. Otto, who represented L. Otto as his agent, on terms of settlement, as follows: L. Otto to pay cash $297.41 and to give a note for $2337.70, to become due November 1, 1894, to bear interest from date at ten per cent. per annum, to be secured by a deposit with the defendants of four notes of M. and R. J. Ellis payable to L. Otto for the sum of $513.40 each. L. Otto paid the cash payment and one of the defendants wrote the note provided for, but by mistake made the interest payable from maturity. By subsequent agreement the maturity of the note was extended to January 1, 1895. When Half & Bro. ascertained the mistake in the note reading "interest payable from maturity," instead of "from date," one of the firm who had written the note drew a line through the word "maturity" and wrote the word "date." This was done with no intent to defraud Otto, but the party making the change at the time believed that he had the legal right to so change the note as to make it express the contract as it was actually made between the parties. Two payments were made upon the note, one dated January 9, 1894, of $234.10, the other October 24, 1894, of $204.80.

J. A. Otto was the agent of L. Otto in this transaction and was his general agent in the management of the business. J. A. Otto also signed the note.

The foregoing is substantially the findings of the district court, which were adopted by the Court of Civil Appeals, with this modification: "That the testimony introduced on behalf of appellants shows that the collaterals were offered and given to appellees in order to secure the account and its extension and that it is not strictly accurate to state, as the collaterals imply, that they were given to secure the note."

The note given by L. and J. A. Otto recites that L. Otto having deposited with the payees, Halff & Bro., as collateral security for the payment of this note, and also all other present or future demands of any kinds of said bank against the undersigned, due and undue, the following property (then proceeds to describe the five notes signed by Maggie Ellis and R. J. Ellis), and empowers the payees to sell the notes so deposited as collateral without notice, upon the failure of the payors in the said note to make payment thereof.

This suit was commenced by Louis and J. A. Otto against Halff & Bro. to enjoin them from disposing of the collateral notes and to cancel the note above described made by the said Louis and J. A. Otto to Halff & Bro. Halff & Bro. filed a plea in the nature of a cross-bill, setting up

the original account, confessing the change made in the note, setting up the agreement as to interest and alleging that the change was made for the purpose of making the note conform to the agreement, and asking judgment upon the original indebtedness less the credits thereon.

Upon trial before the court without a jury a judgment was rendered cancelling the note made by Louis and J. A. Otto to Halff & Bro. and giving judgment in favor of M. Halff & Bro. against Louis Otto for the amount of the original account, less the payments made, to bear six per cent. interest from the date of the judgment, and in favor of the said Louis and J. A. Otto for all costs of suit. The judgment of the District Court was affirmed by the Court of Civil Appeals.

Plaintiff in error assigns the following grounds as cause for reversing the judgment of the Court of Civil Appeals:

First: That the Court of Civil Appeals erred in refusing to find additional facts as requested by the appellant. This court has no means of correcting such error, if it be such upon writ of error to this court.

Second: The plaintiffs in error complain that the findings of the district judge were made and filed without the request of either party to the suit. We think that the Court of Civil Appeals properly disposed of this question.

Third: That the Court of Civil Appeals erred in finding that the change made by Halff & Bro. in the note was not done fraudulently. This is a question of fact upon which there was evidence sufficient to sustain the finding of the court and it cannot be reviewed by this court.

Fourth: That the Court of Civil Appeals erred in holding that although the original note was void by reason of the alteration made therein, it was competent for the defendants Halff & Bro. to recover the original consideration for which the note was given.

Fifth: The Court of Civil Appeals erred in holding that the collateral deposited by Louis Otto to secure the note made by him to Halff & Bro. should be held for the satisfaction of the consideration of said note—that is, the account due by Otto to Halff & Bro.

It is conceded by the defendants in error that the alteration made by Halff & Bro. in the note given to them by L. and J. A. Otto was material and that the effect of such alteration was to render the note invalid for any purpose. It is unnecessary to cite authorities to sustain this proposition, as it is well settled and denied by but few courts. But it is claimed on the part of the plaintiff in error that the note being rendered invalid, Halff & Bro. could not recover upon the original consideration because, (1) the giving of the note operated to satisfy the pre-existing debt; (2) if that be not true, then that the alteration of the note having destroyed it, the law visits upon them the forfeiture of the original debt, although the alteration was made without any fraudulent intent and for the purpose of making it conform the intention of the parties, which intention was not expressed by reason of a mistake of the person who prepared the note in failing to strike out the word "ma-

turity" and insert "date," showing the time from which the note should bear interest.

In support of the proposition that the execution of a note by a debtor operates to satisfy the pre-existing indebtedness for which the note is given, we are referred to the case of Wilkinson v. Thulemeyer, 44 Texas, 470, in which it is said: "If the suit be treated as having a written account for a basis, then the execution of the notes was a satisfaction of the account, and a recovery could not be had on it. If the notes were of any validity at all against Wilkinson, they certainly closed the account." An examination of that case will show that the question was not before the court, the real issues being, that the account was barred by the statute of limitation, the suit being upon that, and that the note was not declared upon in the petition. That case, therefore, is not authority upon this question.

The rule is established by the great weight of authority in England and the courts of the American states, that where a debt exists and a note is given therefor by the debtor, the right of action is suspended upon the original consideration until the note becomes due and if it is unpaid at that time, the creditor may elect to sue upon the original indebtedness or upon the note unless the note was accepted as payment of the pre-existing debt. If suit be brought upon the original consideration and the note be negotiable, the plaintiff must show that it has not been transferred and is lost or destroyed or he must produce and surrender it. 2 Daniel Neg. Ins., sec. 1272; Stedman v. Gooch, 1 Esp., 3; Price v. Price, 16 M. & W. Exch., 231; Greenwood v. Curtis, 6 Mass., 358; Watkins v. Hill, 8 Pick., 522; Ins. Co. v. Allen, 11 Mich., 501; Matteson v. Ellsworth, 33 Wis., 488; Morrison v. Welty, 18 Md., 169; Muldoon v. Whitlock, 1 Cow., 290; Hawley v. Foot, 19 Wend., 516; Frisbie v. Larned, 21 Wend., 450; Cole v. Sackett, 1 Hill, 516; Hughes v. Wheeler, 8 Cow., 77; Burdick v. Green, 15 Johnson, 247; Putnam v. Lewis, 8 Johnson, 389.

Nothing in the evidence shows that there was any agreement or understanding that the note given by L. and J. A. Otto should be accepted as a payment of the original account. The account, therefore, was not discharged or satisfied by the execution of the note, but the right of action by Halff & Bro. was thereby suspended until the date named for the payment of the note and the maker of the note having set up the invalidity of that instrument and sought to cancel it, Halff & Bro. had the right to recover upon the original consideration, unless they are deprived of that right by making the change in the note.

The plaintiff in error cites many authorities to support the contrary view, but upon a careful examination of them we think that they are not in point, being cases in which the questions now before the court were not involved. In the cases cited there are expressions of the courts which might be construed to support the proposition of plaintiff in error, but considered in reference to the facts, they cannot have the effect to support the proposition to which they are cited. Reliance is placed by the plain-

tiff in error upon the case of Wheelock v. Freeman, 13 Pick., 165. In that case this question was not involved directly, but the court there held that "there were no two distinct debts, one arising upon the parol bargain which was discharged by notes, and another upon the notes. The consideration for the land was the express promises of which the notes were the evidence, and then the well-known rule applied, that when there is an express promise the law implies none and when the evidence of the contract is in writing, it must be produced at the trial. To say that before and independently of the alteration of the notes the plaintiff could recover, would be to hold that in all cases where upon a sale of property or other negotiation a party has promised to pay money and given his note at the time in conformity with such promise, the holder may still waive the note and sue on such original express parol promise."

"If it is said that he is remitted to this right in consequence of the notes having become void by the alteration, so that the plaintiff cannot recover on them, this is to hold that a party can acquire a right of action by his own fraudulent acts in altering his security to the injury of the other party, an act which the law thus deems fraudulent, and in consequence thereof holds the note void because it tends to the injury of the other party." In that case the distinction was drawn that there was no pre-existing debt upon which suit could have been maintained, and the decision based upon the fact that the change of the note was the fraudulent act of the payee and therefore he could not recover. The interpretation placed upon that case by the plaintiffs in error would put it in conflict with Greenwood v. Curtis and Watkins v. Hill, supra, decided by the same court.

The findings of fact filed by the judge who tried this case below establish that J. A. Otto, as agent of Louis Otto, agreed with Half & Bro. that Louis Otto should execute to Half & Bro. a note for the balance of the account due to them, the note to become due at a future date and to bear interest from date at ten per cent. S. Half, one of the firm, procured a blank note from a bank upon which to write the note agreed to be given, in which blank note was printed the words "from maturity," and by mistake in preparing the note the word "maturity" was not stricken out and "date" written in, in accordance with the agreement. The note thus prepared was taken by J. A. Otto to Louis Otto for his signature. It was signed by both of the Ottos and returned to Half & Bro. After the note matured the mistake was discovered and S. Half, who had prepared the note, marked out the word "maturity" and wrote above it the word "date," making the note as changed read "to bear interest from date," instead of "maturity." This was done with the purpose to make the note conform to the agreement made between the parties and without any intent to defraud the makers. It is insisted that for this act Half & Bro. are to suffer the penalty of forfeiting the entire debt and will not be permitted to recover upon the account which it is admitted Louis Otto owed to them.

In support of this contention, counsel for the plaintiffs in error have

cited numerous authorities, which we have carefully examined, but deem it unnecessary to comment upon them at length. Counsel rely mainly upon the following cases: Wheelock v. Freeman, 13 Pick., 165; White v. Hass, 32 Ala., 430; Newell v. Mayberry, 3 Leigh (Va.), 250. We have already stated what the issue was in the case of Wheelock v. Freeman and the points upon which the court decided that case.

In White v. Hass there was no proof offered nor contention made that the alteration was innocently made and the court treated it as fraudulent, saying: "And to allow the payee, after he had designedly made a material alteration in the note without the assent of the maker, to recover upon the contract for which the note was given, would be to depart from the sound and just principle that no one should be permitted to take the chance of committing a fraud without running any risk of losing by the event when it is detected."

Neither was there any explanation of the change made in the instrument in the case of Newell v. Mayberry, and the court used this language: "For the principle long since established as to bonds, is extended by recent decisions to other instruments, upon the principle that no man should be permitted to take the chance of gain by the commission of a fraud without running the risk of loss in case of detection."

It will be observed that the above cases rest upon the presumption of fraud arising from the fact that the act was unexplained and in the interest of the person making the change. They correctly announce the law upon the facts of those cases. We have not found an authority which sustains the contention of the counsel for plaintiff in error to the extent that an alteration to conform the instrument to the actual agreement will forfeit the right to sue on the original consideration. It is true that the language used in some of the cases is very broad and when considered apart from the facts might be understood to go to the extent claimed, but every decision must be interpreted according to the facts upon which it rests, and so considered, the authorities cited do not embrace this question.

In Daniel on Negotiable Instruments, vol. 2, p. 1413, the rule is well stated in this language: "When an instrument has been materially altered it cannot be sued upon in its altered form nor read in evidence to support an action even when brought by a bona fide holder without notice; but when the party making the alteration discharges the burden of proof upon him by showing that the material alteration was made by mistake and without fraudulent intent, the right of action upon the consideration for which it was given remains."

In addition to what is stated by Mr. Daniel, as quoted, the authorities sustain the proposition that where the change has been made with the honest purpose to make the instrument conform to the agreement of the parties, the instrument will be destroyed by the alteration, if material, but the party making the change will be permitted to recover upon the original consideration for which the note was given. We cite the following authorities in support of this proposition: Merrick v. Boury, 4 Ohio St., 60; Morrison v. Huggins, 53 Iowa, 76; Krause v.

Meyer, 32 Iowa, 566; Clough v. Seay, 49 Iowa, 111; Booth v. Powers, 56 N. Y., 22; Lewis v. Schenck, 18 N. J. Eq., 459; Vogle v. Ripper, 34 Ill., 100;. Clute v. Small, 17 Wend., 238; Ames v. Colburn, 11 Gray, 390.

In the case of Ames v. Colburn, cited above, decided by the Supreme Court of Massachusetts, the change made in the note was as to the date, which is held to be a material alteration in such an instrument. The court said: "The alteration of the date of the note was made by the promisee without the knowledge or express consent of the promisor; but as the arbitrator has found that it was made without any fraudulent intention and merely to correct a mistake and make, the note such as both parties intended it should be or understood that it was, we are of opinion, upon the authorities, that the note was not vacated by the alteration and that the plaintiff is entitled to judgment on the award." There are a number of cases which hold the same doctrine, but we do not approve this case to the extent that it goes in holding that the note was not vacated, yet it is strong authority to show that the courts of Massachusetts do not hold the rigid doctrine as claimed to have been laid down in the case of Wheelock v. Freeman.

It is urged that public policy demands that the rigid rule of forfeiture of the debt, though there be no fraud intended in making the change in the instrument, shall be adopted in this State, because, it is said, to follow the other and more humane and just rule, would open the door to fraud, supported by perjury. The same objection may be urged to every rule of law which permits parties to show mistakes in the writing and preparation of instruments, for in each case the existence of a mistake must be shown by human testimony and is therefore liable equally as in this case to be false. The law does not presume that men will commit perjury, nor that they will perpetrate frauds upon their fellow men, but when the facts justify the law will presume fraud from the acts done, and when the fraud is established, will punish the guilty party by refusing to give relief to the party perpetrating the fraud and therefore deny him the right to collect the debt for which the instrument was given; not that justice to the maker of the note demands such punishment, but for the protection of the interests of the public and the preservation of the integrity of that character of instruments. The aim of the law is to punish the guilty, but the result of the rule claimed would be to visit that punishment upon the innocent. No injustice has been done Louis Otto in this case. He admits that he owed Half & Bro. the account to the amount which they claim, and that he has not paid it. If he had a defense against it, he could have made it, notwithstanding the change in the note. He has had the extension of time upon his indebtedness that he contracted for and his only complaint is that the innocent act of Half in correcting the mistake is not punished by releasing him, Otto, from the payment of a just demand.

It is claimed that Louis Otto did not know of the agreement made by his agent to pay interest from date, and that it is therefore not a case of mutual mistake. The court finds that his agent made the agree-

ment, that Halff & Bro., relying upon it, changed the note to correspond to that agreement, which relieves the case of any fraudulent intent for which the law will inflict the penalty of forfeiture. It is not necessary in this case for us to decide whether or not Half & Bro. might have claimed a reformation of the contract to make it correspond to the agreement with the agent. They had no right to change the note without the consent of Otto and must suffer the consequences of having that note rendered invalid, but it does not follow that they must likewise be deprived of the right to recover that which was due them upon the open account. There was no error in giving judgment upon the account in favor of Half & Bro. against Louis Otto.

The note given by Otto to Half & Bro. specifically stated for what the collaterals were pledged and all previous verbal agreements upon that subject were merged in the note. The note being discharged by the alteration made in it, the collaterals were likewise discharged; and the court erred in holding that Half & Bro. could retain the collateral notes to secure this account, for which error the judgments of the District Court and Court of Civil Appeals will be reversed and judgment rendered as follows: It is ordered that the note for two thousand three hundred and thirty-seven and 70-100 dollars executed and delivered by Louis Otto and J. A. Otto to M. Half & Bro., dated December 18, 1893, to become due November 1, 1894, be and the same is hereby cancelled, and that the four notes signed by Maggie Ellis and J. R. Ellis payable to Louis Otto for $513.40 each, be restored by M. Half & Bro. to Louis Otto, and that Louis and J. A. Otto recover of M. Half & Bro. all costs in all the courts, for which execution may issue. It is further ordered that M. Half & Bro. recover of Louis Otto the sum of nineteen hundred and ninety-six and 46-100 dollars, with six per cent. interest from the 25th day of April, 1895, for which execution may issue.

*Reversed and rendered.*