### COTTINGHAM v. HARRISON et al.
#### No. 1454.

Court of Civil Appeals of Texas. Eastland.
Nov. 22, 1935.

Rehearing Denied Jan. 3, 1936.

Woodward & Coffee, of Big Spring, and Upton & Upton, of San Angelo, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, and J. W. Bailey, Jr., of Dallas, for appellees.

FUNDERBURK, Justice.

V. E. Cottingham sued L. C. Harrison and Thomas O'Sullivan to recover the principal sum of $10,500 alleged to be due under the terms of a written contract, dated September 13, 1929. The parties to the contract, as actually written and signed, were Cottingham and Harrison; but, by a subsequent writing, dated September 16, 1929, signed by all the parties, it was agreed that O'Sullivan was intended to be a party to said contract, and that the contract was to be so modified as to have the same force and effect and be construed as though it "had been made * * * by V. E. Cottingham as first party and L. C. Harrison and Thomas O'Sullivan as second party."

The defendants filed separate answers, except that O'Sullivan by reference adopted the answer of Harrison. Harrison in addition to exceptions—general and special—and a general denial, pleaded: (a) That it was understood between Cottingham and Harrison "that the said contract should be and was executed for the sole purpose of affording a basis" for including the property which the contract purported to convey from Cottingham to Harrison "among the properties to be turned over to and to become property of L. C. Harrison Petroleum Company thereafter to be organized * * * the plaintiff * * * well knew, and that it was a part of the express agreement between the parties * * * that notwithstanding the fact that the contract was executed in such form as to bind the defendant herein, that no payments were to be made by him or responsibility to be had upon said contract, save and except as were afterwards to be taken over by said corporation and by Thomas O'Sullivan, another of the promoters of said corporation." (b) A discharge from liability by reason of the substitution of the individual liability of Thomas O'Sullivan in the form of a note for $10,500 with additional security. (c) Estoppel. (d) Want of consideration. O'Sullivan by his answer, in addition to the adoption of the answer of Harrison, pleaded specially his discharge from the original contract by reason of the substitution of his individual liability as evidenced by the $10,500 note with additional security. He also pleaded generally an estoppel to claim there was no merger of the former contract with the latter.

One issue only was submitted to the jury as follows: Special issue no. 1. "Do you find from a preponderance of the evidence that when the defendant L. C. Harrison signed the contract dated September 13, 1929, that he signed it with the understanding between all parties who signed said contract that he was signing it for the L. C. Harrison Petroleum Corporation, and not in his individual capacity?" The answer of the jury to this issue was, "Yes."

The court gave judgment for plaintiff against O'Sullivan upon the latter's note, and in accordance with the verdict gave judgment in favor of the defendant Harrison against the plaintiff Cottingham that the latter take nothing. The plaintiff Cottingham has appealed.

The proper disposition of this appeal could very well, we think, be determined upon the pleadings alone. We shall treat the assignments of error relating to the action of the court in overruling objections to the submission of the single special issue and the action of the court in overruling appellant's motion for an instructed

verdict as raising all questions necessary to be discussed.

■ The terms and the fact of execution of the alleged contract being issues tendered by appellant's petition were not joined by the answers of either of the defendants. Appellant was therefore entitled to recover against both defendants, unless such right was defeated by the establishment of one or more of the defenses pleaded. The contract itself disproved the defense of want of consideration. It showed that the promises of appellees to pay the debt claimed was supported as a consideration by the promise of appellant "without cost to the buyer to complete said well to a depth of approximately 3,500 feet unless oil in commercial quantities is found at a lesser depth." Where a contract consists of mutual promises and the promises are not illegal, there can be no question of a want of consideration. In such case each promise is a consideration for the other. Failure of consideration as distinguished from want of consideration was not pleaded as a defense.

Independently of the other pleas, the pleas of estoppel were so wholly wanting in essentials as, we think, not to require discussion.

■ The defense to the effect that by agreement between Cottingham and Harrison, at the time of the execution of the contract, Harrison was not to be liable for, or pay, the debt specified in the contract to be paid "save and except such as were afterwards to be taken over by said corporation and by Thomas O'Sullivan," was not available as a legal defense. Proof of such agreement was prohibited by the well-known rule that written contracts cannot be varied by evidence of prior or contemporaneous parol agreements inconsistent with the terms of the written contract. In Robert & St. John Motor Co. v. Bumpass (Tex.Civ.App.) 65 S.W.(2d) 399, 402, we had occasion to consider this rule, and upon the authorities therein cited approved a statement of it, with reference to particular applications, as follows: "The parol evidence rule forbids the proof of any oral agreement varying the time of payment, or reducing, or increasing the amount stipulated in the written contract to be paid, as for example (of the latter) an agreement that a less sum is to be paid upon a certain contingency or providing for a remission or rebate of a portion of the principal or interest, or providing that payment is to be made in something besides money." If the rule forbids proof of agreements that "a less sum is to be paid upon a certain contingency," or providing for "a remission or rebate of a portion of the principal or interest," how can it be plausibly contended that the rule would not exclude proof of an agreement to the effect that no part of the promised payment was to be made, or was to be made only upon some contingency not specified in the written contract? There is no exception to the parol evidence rule, so far as we know, which would sanction proof of a contemporaneous parol agreement directly in conflict with executory provisions of the written contract. As said by Mr. Williston: "If a contract is even partially reduced to writing, the written portion is no more subject to contradiction by parol than the entire contract would be had it been wholly reduced to writing." Williston on Contracts, vol. 2, § 636.

■■ It remains to consider the plea to the effect that the alleged contract obligation sought to be enforced had been discharged by the substitution of a new contract upon which O'Sullivan alone was obligated. There being no plea of non est factum, the effect of the contract of September 13, 1929, as modified by the written agreement of September 16, 1929, was to make the obligation sought to be enforced the joint obligation of Harrison and O'Sullivan. It is in effect alleged that in substitution for this joint obligation to the extent of the unperformed part thereof, viz., $10,500, Cottingham accepted the obligation of Thomas O'Sullivan evidenced by a promissory note in said amount to be due in 18 months after date, bearing 6 per cent. interest per annum from date until paid, and secured by certain real estate in New York and an assignment of a royalty interest which O'Sullivan had purchased from one T. S. Hogan. It was alleged that O'Sullivan executed the note, secured as provided, by reason whereof "the former contract became fully and completely merged into the new contract which were [was] the direct obligation of Thomas O'Sullivan to the plaintiff herein, and with which this defendant was not in any way concerned, he not having been a party thereto, did not otherwise guarantee the payment thereof." This plea as modified by a trial amendment shows that the date of the subsequent agreement referred to was February 24, 1930. With that modifi-

cation a further allegation was "that the plaintiff herein did indeed and in fact accept and receive the said obligation of the said Thomas O'Sullivan in accordance with the terms of said contract, and by reason thereof has no cause of action upon the original contract as laid in the original petition." This plea fails to allege in substance or effect that by any contract or agreement to which Cottingham on the one side, and Harrison and O'Sullivan on the other, were parties, it was agreed that the giving of the $10,500 note by O'Sullivan, secured as alleged, would discharge Harrison and O'Sullivan, or either of them, from the original obligation. It will be noticed that the alleged new obligation of O'Sullivan added nothing to his obligation under the original contract. The $10,500 was due under the original contract, and, as a matter of law, it would bear interest from maturity at 6 per cent. per annum. The note given, if at all, after maturity of the original obligation was to bear interest at 6 per cent. per annum. It is apparent that although the giving of new security could constitute a consideration, the pleading does not allege that it was a consideration, and no other consideration was alleged. By the plea it was alleged that Harrison was not a party to the subsequent agreement, and no other agreement was alleged to which he was a party, having the effect of a stipulation that the giving of the $10,500 note by O'-Sullivan should constitute a discharge of the original contract. Ordinarily, the giving of a new promise by one to pay his pre-existing obligation does not discharge the prior obligation. Johnson v. Amarillo Imp. Co., 88 Tex. 505, 31 S.W. 503; McGuire v. Bidwell, 64 Tex. 43; Duncan v. United Mut. Fire Ins. Co., 113 Tex. 305, 254 S.W. 1101. It will not have that effect, unless it is so agreed. Same; Otto v. Halff & Bro., 89 Tex. 384, 34 S.W. 910, 911, 59 Am.St.Rep. 56. The nature and effect of such a transaction is discussed in Otto v. Halff & Bro., supra, wherein the court said: "The rule is established by the great weight of authority in England and the courts of the American states that where a debt exists, and a note is given therefor by the debtor, the right of action is suspended upon the original consideration until the note becomes due, and if it is unpaid at that time the creditor may elect to sue upon the original indebtedness, or upon the note, unless the note was accepted as payment of the pre-existing debt.

* * * Nothing in the evidence shows that there was any agreement or understanding that the note given by L. and J. A. Otto should be accepted as a payment of the original account. The account, therefore, was not discharged or satisfied by the execution of the note, but the right of action by Halff & Bro. was thereby suspended until the date named for the payment of the note; and the maker of the note having set up the invalidity of that instrument, and sought to cancel it, Halff & Bro. had the right to recover upon the original consideration, unless they are deprived of that right by making the change in the note." Viewing the pleadings presenting the defense now under consideration in the light of this principle of law, it seems to fall short of properly alleging a discharge by either novation or accord and satisfaction. But, at any rate, limiting the evidence to such as was competent and admissible under the pleadings, the evidence wholly fails to show that the alleged new contract was substituted for the other by the agreement of all parties that it should constitute a discharge, and if regarded as an accord, was unavailing, because the evidence clearly showed that there was no satisfaction. According to the only admissible and competent evidence, the $10,500 note of O'Sullivan was to be indorsed by Harrison. The evidence shows that it was not only not indorsed by him, but it is at least doubtful if the note was ever delivered to Cottingham. Certainly the evidence was undisputed that whether such note was delivered or not, it had never been paid. Under the undisputed evidence we think there was neither a novation nor accord and satisfaction such as would discharge either Harrison or O'Sullivan upon the contract sued upon.

The only issue submitted to the jury was an issue not tendered by any pleadings in the case. The substance of the pleadings to which it related was that it was understood and agreed that Harrison was not to be liable for the payment specified in the contract, except upon the contingency that the obligation was thereafter taken over by the L. C. Harrison Petroleum Company. The issue submitted inquired whether the contract was executed for the L. C. Harrison Petroleum Company. But, even if the submission of the issue be regarded merely as a defective submission of the issue made by the pleadings, then upon the introduction of the

contract the issue was conclusively established in favor of Cottingham because the very terms of the contract itself showed that it was not made for the L. C. Harrison Petroleum Company alone. It expressly provided that it could be transferred to the latter, but with provision that such transfer was not to affect the liability of Harrison and O'Sullivan. All evidence tending to show an agreement or understandng in conflict with the provisions of the contract was incompetent and not to be considered, even if admitted without objection. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533.

We are, therefore, of the opinion that each of the objections presented by the first three assignments of error made to the submission of the special issue should have been sustained, and further that the court should under all the competent evidence have given a peremptory instruction in favor of the appellant.

It is, therefore, our conclusion that the judgment of the court below should be reversed, and that judgment should here be rendered in favor of the appellant against both the appellees as prayed for; and it is accordingly so ordered.