Tucker, P.
I am of opinion, that the words, this agreement to be in force until the 12th July, if underwritten at the time of the contract, or afterwards and before that date by the mutual consent of the parties, did constitute a part of the contract between them, and a most material part of it, since it limited (as I conceive) the right of purchase on the part of Newell, to the 12th July. Until that date he had a right to keep the slave, if he chose to do so, under the contract, and pay Shepherd for him. But after that date, he had no such right. If he detained him, he did not detain him under the contract, but of his own wrong, for which he was responsible in another form of action, but not in this. The declaration, therefore, having set out the contract as indefinite, and the contract being in fact limited, the variance was fatal, in this action, upon the trial of the general issue. If, indeed, Mayberry had offered proof, that these words were not subjoined by the parties as part of the contract, and that they were neither added by himself nor by any other at his instance or with his connivance, then the *254 paper should have gone to the jury, with an instruction, that if it believed such evidence it should disregard those words; in which case, the agreement would have corresponded with the declaration. I am, therefore, of opinion that the circuit court erred in the points stated in both the second and fourth exceptions.
The court also erred in the opinion set forth in the sixth exception. The materiality of an alteration is, I take it, matter for the decision of the court; and, moreover, if it had appeared, that the alteration was made by Mayberry, or any other by his procurement, then he could never recover upon this contract, nor could he be permitted to establish it by any other evidence, or even to avail himself of the contract according to its original and true character. For the principle long since established as to bonds, Pigot’s case, 11 Co. 27. is extended, by recent decisions, to other instruments,^upon the principle, that no man shall be permitted to take the chance of gain, by the commission of a fraud, without running the risk of loss in case of detection. Master v. Miller, 4 T. R. 320. 1 Anst. 226. 2 H. Black. 141. S. C. Powell v. Divett, 15 East, 29.
The other judges concurring, judgment reversed, verdict set aside, and the cause remanded for a new trial.