MORRISON BROS. v. HUGGINS AND HARRIS.

1. **Evidence**: VOID NOTE: RECOVERY OF CONSIDERATION. Where a promissory note has been rendered void by a material alteration, made without fraudulent intent, the payee may recover upon the original consideration, and may establish the indebtedness as though no note had been executed therefor, by any evidence he may have, either written or oral, which has not been vitiated by the alteration.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, MARCH 17.

THERE are two counts in the petition. The first seeks to recover on a promissory note executed by the defendants only, which it was admitted had been altered, without fraudulent intent, as it was averred.

The second seeks to recover on the original consideration for which the note was given. It being stated that the defendants executed a certain agreement in writing, and that in

consideration thereof the plaintiffs sold and delivered to the defendants certain property mentioned in the agreement. There was a general denial and a special defense pleaded. Trial by jury and judgment for the plaintiffs. The defendants appeal.

*Charles Baldwin, Blake & Hammack* and *Hall & Huston,* for appellants.

*D. N. Sprague* and *F. H. Semple,* for appellants.

SEEVERS, J.—For a defense the defendants pleaded as follows:

"Defendants aver that in December, 1875, there existed at Morning Sun, Iowa, a joint stock corporation known as the 'Co-operative Store of Morning Sun and Vicinity'—defendant Jesse Harris being president, and defendant P. R. Huggins manager.

."The plaintiffs approached the officers of said corporation to induce them to handle their implements.

"But said corporation was not authorized to receive or purchase the same upon the terms proposed, and thereupon it was proposed that these defendants should sign said order (who were simply acting as officers of said company as plaintiffs well knew) and the said order was not to be considered valid or delivered or used until this condition should happen, to-wit: At a subsequent meeting of the stockholders of said corporation defendant Harris as president was to propose, and, if possible, secure the authority that said store should handle plaintiffs' implements. And if said authority was obtained, defendant Huggins was to advise plaintiffs, and thereupon said goods were to be sold, shipped, and delivered to said co-operative store, and if said authority was not given, then said order was not delivered or valid, and the transaction should terminate, and it was at the time known, understood, and agreed that defendants signed said papers and agreed to execute the notes only as security for the corporation, and

upon the condition that said authority to handle the goods was obtained, and that said goods should be delivered to said corporation. It was further agreed that defendants' liability should be upon promissory notes with a general and indefinite privilege of extension, and not otherwise. Defendants further state that in January, 1876, said authority was granted the corporation to handle plaintiffs' goods, and plaintiffs were advised in manner agreed upon, and they at once sold, shipped and delivered said goods to said corporation, and not to defendants, and thereafter defendants, pursuant to said agreement and as security for said corporation, executed said notes, the last of which is now sued on, and plaintiffs knew and accepted said notes as given by defendants as sureties for said corporation, and plaintiffs drew upon said corporation and received money therefrom, and all money paid plaintiffs, and which discharged a portion of said notes, was paid by said corporation."

The plaintiffs offered in evidence the note sued on, to which the defendants objected, but the same was overruled. In this there was not, we think, any prejudicial error. They also offered to introduce in evidence the following writings, being abstracts A and B:

"MORNING SUN, IOWA, Dec. 2, 1875.
"MESSRS. MORRISON BROTHERS, Ft. Madison, Iowa:
"Please ship the following bill of plows on or about February 10, 1876, as per agreement dated December 2, 1875, and subject to above conditions and warrantee.

P. R. HUGGINS.
JESSE HARRIS."

"MORNING SUN, IOWA, Dec. 2, 1875.
"MORRISON BROTHERS, Ft. Madison, Iowa:
"Please ship following order for cultivators on or about February 10, 1876, marked to us. Ship via. Burlington, care of B. C. R. & N., at prices given below, less 20 per cent discount, for which we will give you our note due August 1st,

1876, with exchange and 10 per cent interest after maturity. Said note or notes subject to discounts for advanced payment as follows:    *     *     *     *     *     *     *

P. R. HUGGINS.

JESSE HARRIS."

To which the defendants objected, but the objection was overruled. The defendants sought to prove the allegations in the answer above set forth, to which the plaintiffs objected on the ground that such evidence would tend to contradict exhibits A and B. The objections were sustained. The court instructed the jury that the alteration of the note was a material one, and that no recovery could be had thereon, but that if it had not been made with fraudulent intent there might be a recovery for the goods sold, which constituted the consideration for the note, and that the only question for them to determine was as to the intent of the alteration. In response to an interrogatory propounded to them the jury found specially that the alteration of the note was not made with a fraudulent intent.

Counsel for the appellants concede the instructions to be correct except they insist they are erroneous because the questions whether the defendants were sureties for the corporation, and whether the goods were sold and delivered to the corporation, were withdrawn from the jury. As to the legal questions involved, we have to say:

I. Under the instructions, there could be no recovery on the note; it is, therefore, for all purposes, out of the case. There was no controversy as to the sale of the goods to either the defendants or the corporation; neither was the value of the goods disputed; nor was it claimed the defendants were not liable at all, but it was insisted they were liable only as sureties for the corporation.

The answer does not set up or allege any fact which would discharge the defendants if they were sureties, or if the sale had been made to the corporation. It is expressly stated

therein it was "agreed that defendants signed said papers and agreed to execute the notes only as security for the corporation." This being conceded, what is it the plaintiffs have done which released the defendants from the liability they admit? Nothing, unless the alteration of the note had that effect. This depends upon the intent with which the alteration was made. This question was fairly submitted to the jury, and they have found against the defendants. There was no error in refusing to submit the foregoing matters to the jury, for if they had found in respect thereto in favor of the defendants, the plaintiffs would still have been entitled to a judgment.

II. We have carefully read the answer, and are of the opinion if every fact therein alleged had been established, it would not have constituted a defense, in view of the finding of the jury as to the intent with which the alteration of the note was made. The court, therefore, did not err in excluding the evidence offered, whether it was done on this ground, or that it would tend to contradict the exhibits A and B.

1. EVIDENCE. void note : recovery of consideration.

It is said the court erred in admitting said exhibits in evidence because notes had been given as therein provided, and that they were merged in the notes and were no longer of any force and effect, and no action could be maintained thereon. It is said the exhibits created the debt, and that to enforce it would permit the plaintiffs to take advantage of their own wrong, as the alteration was made by them. But the exhibits did not create an indebtedness, for none was created until the goods were shipped in accordance therewith. It was the sale and delivery that created the indebtedness, and the second count is based thereon, and a recovery asked for goods sold and delivered. The exhibits tended to show only an offer to purchase, and when there was evidence showing an acceptance and delivery of the goods, a right of action became complete.

When a party may legally recover on the original consider-

ation for which the altered note was given, he may establish such consideration by any evidence he may have, either written or oral, which has not been vitiated by the alteration of the note.

The plaintiffs brought a previous action on the note, and after the introduction of evidence they dismissed the action. The defendants sought to introduce the record of such former action and show that one of the plaintiffs was present and cognizant of what occurred. This was excluded, rightfully, we think. It would not have had any tendency to show that the note had been fraudulently altered. The only possible inference would have been that the alteration was not made with such intent, for they must be presumed to know the law, and that they could not recover thereon if the alteration was fraudulently made.

AFFIRMED.