**BENSON et ux. v. ADAMS.** (No. 807–4469.)

(Commission of Appeals of Texas, Section A. June 16, 1926.)

**1. Alteration of instruments ⬡⟾6.**

Under Negotiable Instruments Act, §§ 124, 125 (Rev. St. 1925, art. 5939), change by payee in place of payment of note is material alteration rendering it unenforceable.

**2. Alteration of instruments ⬡⟾23.**

To recover on consideration for note materially altered by payee, he must show that alteration was innocently made.

**3. Alteration of instruments ⬡⟾27(1).**

Presumption of fraud arises from act of payee in changing place of payment in note.

**4. Alteration of instruments ⬡⟾23.**

Payee, changing place of payment of note with knowledge that he had no right to do so, cannot plead innocence, so as to recover on consideration therefor.

**5. Alteration of instruments ⬡⟾29.**

Evidence *held* to show fraudulent intent in changing place of payment in note by payee to county of suit, so as to preclude recovery on consideration for note.

**6. Alteration of instruments ⬡⟾11(1).**

Payee changing place of payment of note, with knowledge that he had no right to, cannot claim honest purpose to make it conform to agreement.

**7. Courts ⬡⟾107.**

Every decision must be interpreted according to facts on which based.

**8. Alteration of instruments ⬡⟾29—Payee's burden of showing innocent purpose in changing place of payment of note is not met by denying act and testifying to facts which might offer basis for such purpose.**

Burden on payee to show innocent purpose in changing place of payment of note to recover on consideration therefor is not met by denying alteration and testifying to facts which might offer basis for such purpose.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by James R. Adams against Roy H. Benson and wife. Judgment for plaintiff was affirmed by the Court of Civil Appeals (274 S. W. 210), and defendants bring error. Reversed and rendered.

Stewart, De Lange & Milheiser and Albert J. De Lange, all of Houston, for plaintiffs in error.

K. C. Barkley and W. Owen Dailey, both of Houston, for defendant in error.

BISHOP, J. This is a suit by James R. Adams, defendant in error, against Roy H. Benson and wife, plaintiffs in error, to recover the balance due on a promissory note executed by Benson to him, and to foreclose a mortgage on personal property given to secure payment thereof. Plaintiffs in error in their answer denied under oath that Benson executed the note sued on, and alleged that said note had been mutilated and materially altered fraudulently by Adams after it was executed and delivered, in that the place of payment as stated in said note, to wit, "at Plano," had been erased, and that Adams had inserted the word "Houston," thereby changing the place of payment. By supplemental petition defendant in error denied that the note had been mutilated or materially altered since its execution and delivery, or that any act had been done fraudulently relative thereto. He alleged that it was the intention of both him and Benson that the note should be payable at Houston, and that said mortgage executed contemporaneously therewith described the note as being payable at Houston, Tex., that, if he were mistaken in his allegation that there had been no alteration, such alteration was made in accordance with the agreement entered into with reference to the payment of said note, and that Benson had ratified such alteration.

He also sought judgment by alternative plea, alleging that he had sold Benson goods and merchandise for which the note sued on was executed, and in effect prayed that, should it be adjudged that the said note has been materially and fraudulently altered, contrary to the intention of the parties, he be allowed to recover for the balance due for the goods and merchandise sold which constituted the consideration for which the note was executed.

---

⬡⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On trial in the district court, the case was submitted on special issues, and the jury found that the word "Houston" was written in the note after it was signed, and that Benson did not ratify or consent to the change after knowledge thereof. These were issues of fact under the pleadings and evidence.

The note was on a printed form, with the place of payment, "at Plano," printed therein, and these words were erased, and the word "Houston" inserted. The mortgage described the note as payable in Houston. Adams resided in Houston, Harris county, and Benson in Galveston county. Adams testified that before the note was executed and delivered he erased these words and inserted the word "Houston," and that at the time it was executed it was agreed between him and Benson that it should be payable at Houston; that he did not change the place of payment after the note was executed, and knew he had no right to alter it after execution and delivery; that Benson at no time agreed that he could change the note after it was signed; and that, if any change was made in the note after it was signed, it was not by the authority of Benson; and that he did try to maintain suit in Harris county by virtue of the statement in the note that it was payable in Houston. He also testified that the note sued on, together with two other notes which had been paid, was taken by him in payment of the goods and merchandise sold by him to Benson.

On the verdict of the jury, judgment was rendered allowing Adams recovery and foreclosing the mortgage. This judgment was by the Court of Civil Appeals affirmed.

[1] The Negotiable Instruments Act, § 124 and section 125 (article 5939, R. C. S. 1925 [Acts 1919, p. 190, being Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—124, 6001—125]), is as follows:

"Sec. 124. Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers.

"When an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor.

"Sec. 125. Any alteration which changes:

"1. The date;

"2. The sum payable, either for principal or interest;

"3. The time or place of payment;

"4. The number or the relations of the parties;

"5. The medium of currency in which payment is to be made;

"Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration. (Id.)"

The note when executed and delivered was payable at Plano, in Collin county. The mortgage did not purport to constitute a promise to pay the note at Houston, but described the note as payable at Houston. It was in this respect a misdescription of the note. The change made by Adams in the place of payment was a material alteration in violation of the statute, and rendered the note unenforceable.

[2-5] Should it be conceded that there is an obligation, other than the note, upon which suit could be maintained, which represents the consideration for which the note was given, in order for Adams to recover thereon it was necessary for him to show that the alteration was innocently made without any intention to defraud, and thereby rebut the presumption of fraud which arises from his wrongful act. White v. Hass, 32 Ala. 430, 70 Am. Dec. 548; Newell v. Mayberry, 3 Leigh (Va.) 250, 23 Am. Dec. 261; Otto v. Halff & Bro., 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56. We are of opinion that there is no evidence in this case to show or from which it could be reasonably inferred that the alteration was innocently made without intention to defraud. Adams testified that he knew he had no right to change the place of payment of the note. He knew he was committing a wrongful act which in law he had no right to commit. Certainly one cannot admit his guilt and at the same time claim innocence. It is true he testified that when the note was executed and delivered it was the intention that it should be payable at Houston, but when he made the alteration he knew he had no right to do so. He knew that, if a mistake was made in executing the note payable at Plano instead of Houston, he had no right to change the place of payment without the consent of the maker. So knowing, he is in no attitude to plead innocence. The courts are without authority to pardon and grant relief notwithstanding guilt. Benson resided in Galveston county, and Adams in Houston, Harris county. Under the venue statutes, suit to recover on the note could be instituted either in Collin county, where the note as executed and delivered was payable, or in Galveston county, where Benson resided. Suit could not be maintained in Harris county over Benson's objection. The note was so changed as to permit Adams to maintain suit in the county of his residence without the consent and over the objection of Benson, under the provisions of the statute. Adams testified that he had attempted to maintain his suit in Harris county. This testimony clearly indicates a fraudulent intent, and there is no evidence in the record to show that his intention was other than fraudulent.

In its opinion in the case of Otto v. Halff & Bro., supra, the court says.

"We have not found an authority which sustains the contention of the counsel for plaintiff

in error to the extent that an alteration to conform the instrument to the actual agreement will forfeit the right to sue on the *original consideration.* It is true that the language used in some of the cases is very broad, and, when considered apart from the facts, might be understood to go to the extent claimed, but every decision must be interpreted according to the facts upon which it rests, and, so considered, the authorities cited do not embrace this question.

"In Daniel on Negotiable Instruments, vol. 2, p. 1413, the rule is well stated in this language: '*When an instrument has been materially altered, it cannot be sued upon in its altered form nor,read in evidence to support an action even when brought by a bona fide holder without notice; but, when the party making the alteration discharges the burden of proof upon him by showing that the material alteration was made by mistake and without fraudulent intent, the right of action upon the consideration for which it was given remains.*'

"In addition to what is stated by Mr. Daniel, as quoted, the authorities sustain the proposition that, where the change has been made with the honest purpose to make the instrument conform to the agreement of the parties, the instru*ment will be destroyed by the alteration, if mate*rial, but the party making the change will be permitted to recover upon the original consideration for which the note was given. We cite the following authorities in support of this proposition: Merrick v. Boury, 4 Ohio St. 60; Morrison v. Huggins, 53 Iowa, 76 [4 N. W. 854]; Krause v. Meyer, 32 Iowa, 566; Clough v. Seay, 49 Iowa, 111; Booth v. Powers, 56 N. Y. 22; Lewis v. Schenck, 18 N. J. Eq. 459 [90 Am. Dec. 631]; Vogle v. Ripper, 34 Ill. 100 [85 Am. Dec. 298]; Clute v. Small, 17 Wend. [N. Y.] 238; Ames v. Colburn, 11 Gray, 390 [71 Am. Dec. 723]."

[6-8] While, according to Adams' testimony, which was controverted by Benson, the change would have made the note conform to the agreement of the parties, there is no evidence that he altered it for this purpose. His testimony gives no explanation of the change other than to show that he may have had this purpose. With his knowledge, the purpose to make the note conform to the agreement could not have been an honest purpose. He cannot claim to have had an honest purpose in committing an act he knew to be wrongful. As stated by the court in the above quotation, "every decision must be interpreted according to the facts upon which it rests," and, when the decision in that case is so interpreted, it is not authority for a holding that Adams can recover on the consideration for which the altered note was executed. In the opinion in that case the court discussed the other cases herein cited and stated that they were based "upon the presumption of fraud arising from the fact that the act was unexplained, and in the interest of the person making the change," and expressly approves the holding in those cases. In this case the alteration was in the interest of Adams. He admits he knew he had no

right to alter the note, and denies that he did so. The evidence, even had he not made this admission, shows no more than a possible explanation. The burden was on him to explain his act and show an innocent purpose. This *burden is not met by denying the act and tes*tifying to facts which might offer a basis for such purpose.

We think that on the verdict of the jury, in view of the pleadings and facts in evidence, the trial court should have rendered judgment in favor of plaintiff in error, and recommend that the judgments of both courts be reversed, and that judgment be here so rendered.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgments rendered for plaintiff in error.