## COMMUNITY NATURAL GAS CO. v. NORTHERN TEXAS UTILITIES CO.
### (No. 3140.)

Court of Civil Appeals of Texas. Amarillo. Dec. 19, 1928.

Rehearing Denied Jan. 16, 1929.

Storey, Leak & Storey, of Vernon, and Karl F. Griffith and Roy C. Coffee, both of Dallas, for appellant.

Penix & Penix, of Wichita Falls, and Berry, Stokes, Warlick & Gossett, of Vernon, for appellee.

HALL, C. J. This is the second appeal of this case. It is a contest between two gas companies, involving the right to supply the inhabitants of the city of Vernon with natural gas. The suit was originally filed by the Northern Texas Utilities Company (hereinafter referred to as the Utilities Company) against the Community Natural Gas Company (hereinafter referred to as the Community Company), seeking to enjoin the latter from laying its gas pipes in the streets of the city of Vernon.

The first trial resulted in a judgment for the Community Company, denying the Utilities Company an injunction. Upon appeal to this court, the judgment was reversed. 297 S. W. 904. The last trial resulted in a judgment for the plaintiff, the Utilities Company, permanently enjoining the Community Company from laying its gas pipes in the city of Vernon and restraining it from in any manner interfering with the Utilities Company's franchise and the performance of its duties in furnishing the citizens of Vernon with natural gas.

Since the judgment was reversed, the pleadings of both parties have been amended, alleging some additional facts, which are set out so much more specifically than before as to require an extended statement of the respective pleadings.

Plaintiff alleges in its first amended original petition: That both parties are Delaware corporations, having permits to do business in the state of Texas. That they are organized for the purpose of storing, transporting, buying, and selling oil, gas, and other minerals, and to construct, maintain, and operate pipe lines and other necessary apparatus necessary to transport natural gas between different points in the state, and to acquire and occupy such lands, easements, franchises, etc., as may be necessary for the purposes of its incorporation. That Vernon is a city organized and operating under what is known as the Home Rule Amendment of the Constitution, and that, in pursuance to the provisions of the Constitution and the laws, the citizens of said city adopted a city charter and likewise adopted the provisions of the statutes relating to the city commission form of government, under which charter and form of government it has been operating for about 10 years and is still being operated.

The petition sets out in full article 2, § 17, of the city charter relating to the matter of granting franchises for the use and occupancy of the streets, alleys, etc., to gas companies, water companies, and other public utilities, and alleges:

That said section is the only one in the charter pertaining to the granting of a franchise for the use of said streets and alleys for such purposes. That, acting under said article and section, the authorities of the city of Vernon granted to the Upham Gas Company of Texas a franchise to occupy the streets, alleys, etc., of the city for the purpose of distributing natural gas to the inhabitants of the city. That said section states the rate to be charged for the services proposed to be rendered by any gas company. Said franchise was evidenced by an ordinance passed by the commissioners of said city on or about the 22d day of September, 1925. That said ordinance was duly published as required by the city charter, and became effective, vesting the said Upham Gas Company with the privilege and rights stated in the franchise. That thereafter the city, acting by and through its commission or city council, on the ——— day of June, 1926, passed an order approving the domestic sliding scale of rates proposed by the Upham Gas Company, and on or about the 15th day of June, 1926, entered into an agreement with the Upham Gas Company, by which said com-

pany put up $10,000 as liquidated damages to insure the city that it would deliver gas to the inhabitants thereof on or before the 22d day of December, 1926, which agreement was fully complied with within the time stated. That on or about June 30, 1926, the city ratified and confirmed said franchise, which was evidenced by an ordinance numbered 414, theretofore passed by the commission on the 22d day of September, 1925. That thereafter about July 1, 1926, the city, by another ordinance, approved, ratified, and confirmed Ordinance No. 414, which granted the original franchise. That thereafter, on July 13, 1926, said Ordinance No. 414, which granted the franchise to the Upham Gas Company, was ratified and confirmed by an act of the city commission on its third and final reading.

That on the ——— day of July, 1926, said franchise was duly assigned to, and became the property of, and is now owned by, the Utilities Company, the plaintiff in this cause. That, by virtue of said franchise, the city vested rights in plaintiff to use the streets, alleys, etc., of said city, and that plaintiff has the right to dig trenches, excavate along and across the streets, and to lay its gas pipes and mains in the streets and alleys for the purpose of supplying gas to the inhabitants of said city. That the plaintiff is a taxpayer in the city by virtue of owning said franchise and because it has laid its pipes and mains in the city, and, because of the rights and privileges granted it and acting under its franchise, has laid approximately 30 miles of gas pipes and lines in order to enable it to serve the city and its inhabitants in an efficient manner. That it will require the laying of approximately 4 additional miles of pipes and mains at the reasonable total value and cost of $187,500. That the streets and alleys of said city are narrow and will not permit, without great damage and inconvenience, two different crews to work therein at the same time, or permit the laying of two gas pipe lines at the same time or anywhere near the same time.

That about the 19th day of July, 1926, the Community Company applied to the city for a franchise for the purpose of supplying natural gas to the city and its inhabitants, and was granted a franchise by a resolution passed that day, and known as ordinance No. 425. That thereafter, on July 26, 1926, the Community Company again applied to the city for a change in the rates, and filed a schedule of rates differing from those stated in its application made to the city on July 19th. That said rates so proposed by said company were adopted by the city commission on the 27th day of July, 1926, as a part of the proposed franchise of the defendant. That on the same date the city commission, without authority, and acting contrary to its charter, granted the defendant permission to at once and immediately use

its streets for the purposes of laying its gas pipes, lines, etc. That thereafter, on the 29th day of July, 1926, the city commission repealed and rescinded the resolution last mentioned by a second resolution passed for that purpose.

The plaintiff further alleges, upon information and belief:

That the last purported publication of the original franchise granted on the 19th day of July, 1926, was made on the 3d day of August, 1926, and that the purported change therein proposed by the defendant on the 27th day of July, 1926, has never been published, and that under said franchise defendant has no right of any kind or character to occupy or use the streets, alleys, and highways of the city of Vernon for the purpose of laying its gas pipes and mains, and that it could have no right to do so under the terms of the franchise, until the expiration of 30 days from and after the day of the last publication of said original franchise, which was on the 3d day of August, 1926, and that said franchise could not, under the charter provisions, become effective, nor could the defendant have any rights thereunder, until the 3d day of September, 1926. That before said franchise granted to defendant by Ordinance No. 425 became effective, and on the 21st day of August, 1926, the city commission, by Ordinance No. 428, which was duly passed by said commission, repealed, canceled, and annulled said franchise granted by said Ordinance No. 425 to the defendant, thereby depriving the defendant of any right to lay its mains in the streets and alleys of said city. That before the purported ordinance granting a franchise to defendant could, under the charter, become effective, it must have been published in a newspaper in the city of Vernon once a week for three consecutive weeks, and that the franchise would not then become effective, according to the provisions of the charter, until the expiration of 30 days from the last publication thereof.

That the charter further provides that, if at any time prior to the expiration of said 30 days, 10 per cent. of the legally qualified voters, determined by the number of votes cast at the last regular municipal election, shall demand, by petition, that the city commission submit said franchise to a vote of the people, which submission shall not be less than 30 days nor more than 90 days from and after the filing of the petition, and that, if a majority of the votes cast at such election shall be against the granting of such franchise, the ordinance shall be ineffective, null, and void, and that, in case said franchise is submitted to a vote, it shall be ineffective during the interim.

That, notwithstanding the provisions of said city charter and the action of the commission and the repealing of said ordinance, and in spite of the fact that the defendant has no franchise authorizing it to dig ditches

and lay its pipes and to use and occupy the streets, but in defiance of the charter and of the laws of the state, defendant began digging its ditches and laying its pipes in the streets and alleys and is from time to time obstructing the streets and will continue to lay its pipes and laterals in, on, under, along, and across the streets and transport gas through the same without any authority and in utter disregard of the charter of the city of Vernon and the laws of Texas.

The plaintiff further alleges: That it is necessary for it, in complying with the terms and conditions of its franchise, to lay its pipes along and across the streets and alleys, and, if said streets and alleys are occupied and being used by the defendant for a similar purpose, plaintiff has and will be put to much more expense in executing its work, and that it is impossible to determine the amount of the damages which will accrue to plaintiff by reason of said wrongful acts of the defendant in occupying the streets at the same time. That defendant has already dug ditches and laid some of its mains and laterals and will continue to do so, and has thereby greatly interfered with plaintiff's rights, and has and will materially increase the cost to plaintiff of carrying on its business and make it more expensive to plaintiff than it otherwise would be. That the defendant has and is and will continue to solicit customers for its gas and will continue to enter into contracts with such customers, most if not all of whom would be plaintiff's customers and in this way interfere with and damage plaintiff's business. That it will sell gas in competition with plaintiff, which is an infringement of plaintiff's right to sell gas to the inhabitants of said city. That defendant has already solicited and obtained several hundred customers, to which it is now selling gas, and will continue to obtain additional customers, which plaintiff alleges and believes would be its customers but for defendant's unlawful and willful acts. That plaintiff will thereby be deprived of many thousands of dollars of profits which would be derived from the sale of its gas.

Plaintiff further alleges: That it constructed its main lines and furnished gas to the city of Vernon and its inhabitants within the time prescribed by its franchise, and that its franchise is now and has been at all times heretofore mentioned in full force and effect. That, believing that it had a right to rely upon its franchise, plaintiff has expended more than $185,000, in laying its mains and laterals and in making its connections. That plaintiff has appealed to the city commission and to the officers of Wilbarger county for protection in its rights and has failed to enlist said authorities in its behalf. That it has no legal remedy, and, unless the injunction prayed for herein is granted, it will suffer great and irreparable injury. That said injuries will increase from day to day, and the condition is such that plaintiff is entitled to immediate and speedy relief in order that its rights be protected under the laws of the state and under the charter of the city of Vernon, and that further irreparable damages will accrue for which it has no adequate remedy at law. That plaintiff had the right to rely upon the assurances that the charter of the city of Vernon would be complied with and did rely thereon, and has incurred expenses and acquired rights with which the defendant should not be permitted to interfere.

It is further alleged that a temporary injunction has heretofore been issued in plaintiff's behalf, that it has given bond, and that said temporary injunction is in full force and effect, but that the defendant is willfully violating the injunction daily, and still continues to violate, not only the spirit, but the letter, of the injunction, and plaintiff prays that defendant be held in contempt of court. The substance of the prayer is that the temporary injunction be perpetuated; that the defendant be restrained from laying any further pipes and laterals and from continuing the business of furnishing natural gas in the city of Vernon; that it be required to disconnect its gas lines from every customer to which it is now supplying gas and desist from transporting gas through its pipes and laterals and service connections; and that it be restrained from interfering with the business of plaintiff or infringing upon plaintiff's rights, privileges, and franchises.

Plaintiff makes all of the ordinances, resolutions, propositions, and charter provisions exhibits to its petition.

The defendant answered by a general and twenty-three special exceptions, by a general denial, and specially answered, alleging: That it is a public utility corporation, incorporated under a charter issued by the state of Delaware, and has a permit and franchise issued by the state of Texas for the purpose of conducting its business as a public service company. That the permit and franchise from the state of Texas was granted to the defendant under and pursuant to chapter 15, tit. 32, Revised Civil Statutes of the State of Texas, 1925. That said permit, franchise and statutes of the state empower defendant "to * * * furnish oil and gas for light, heat and other purposes; to lay down, construct, maintain and operate pipe lines, tubes, tanks, pump stations, connections, fixtures, storage houses and such machinery, apparatus, devices and arrangements as may be necessary to operate such pipes and pipe lines; * * * to own, hold, use and occupy such lands, right of way, easements, franchises, buildings and structures as may be necessary to the purposes of such corporation. * * * Such corporation shall have the right to lay its pipes and pipe lines across and under any public road or highway, or under any railroad, railroad

right of way, street railroad, canal or stream in" the state of Texas, "and to lay its pipes and pipe lines across or along and under any street or alley in any incorporated city or town in" the state of Texas "with the consent and under the direction of the governing body of such city or town"—with other powers more fully set out by Revised Civil Statutes, arts. 1435, 1436, 1496, and 1497.

Defendant further alleges: That, pursuant to the authority conferred upon it by its charter, permit, and general laws of the state, it is engaged as a public utility corporation in the sale and distribution of natural gas in the city of Vernon and various other cities and towns within the state. That it has obtained the consent of the governing body of the city of Vernon to use the streets and alleys of the city in constructing and maintaining its gas-distributing system, and has done all things required of it by the general laws of the state and more particularly by articles 1436 and 1437 of the Revised Statutes in order to exercise the right and privilege of using the streets and alleys in the sale and distribution of natural gas to the public. That it has complied with all of the requirements of the city charter and the ordinances of said city to entitle it to use the streets and alleys in conducting its business. That on or about September 9, 10, and 11, 1924, the city of Vernon, acting through its commission and in accordance with the provisions of the city charter, enacted an Ordinance No. 403, which gave and granted unto G. M. Church and his assigns a franchise for the construction, operation, and maintenance of a gas-distributing plant or system in said city of Vernon. That said franchise was duly accepted by the said Church, and all things were done to make it effective, and that said franchise is now a valid and subsisting ordinance and contract. That the said Church did and performed each and every obligation devolving upon him thereunder in order to perpetuate his franchise and maintain the same in full force and effect. That on the 10th day of July, 1926, the defendant, for a valuable consideration paid to the said Church, acquired said franchise from the said Church, and it is now the lawful owner and holder thereof and each and every right and privilege granted thereby, and now has valid, subsisting, outstanding, vested rights thereunder. That on July 19, July 22, and July 27, 1926, the commission passed, upon its first, second, third, and final reading, an Ordinance No. 425, giving and granting unto the defendant a franchise to maintain a gas-distributing system with all appurtenances, etc., in the city of Vernon. That on July 20 and 28, and on August 3, 1926, publication of said ordinance was made in a newspaper published in the city of Vernon, and that the defendant has accepted said franchise and complied with all the formalities necessary to make it effective. That on July 27, 1926, the commis-

sion, by unanimous vote, passed a resolution authorizing defendant to proceed with the construction of a gas-distributing plant or system in said city and to use and occupy the streets and alleys in promoting and perfecting said business, the resolution being conditioned upon the filing by defendant of a bond in the sum of $25,000 with the city secretary of Vernon. That said bond was executed in accordance with the resolution, signed by solvent sureties, and filed with the said city secretary on or about 9 o'clock a. m. July 29, 1926. That upon three separate and distinct occasions the city of Vernon gave its consent to the defendant to use the streets and alleys for the construction and in the maintenance of its gas-distributing system, and that, pursuant to the obtaining of said grants, it immediately and in good faith began to use the streets and alleys and in good faith expended in excess of $150,000 in the construction of its gas system. That it now has approximately 1,400 consumers in the city and has acquired vested property rights and to permit plaintiff to maintain its action would be a confiscation of defendant's property and destruction of its property rights contrary to the Constitution of the state of Texas and of the United States. That the alleged franchise of the Utilities Company was not granted in accordance with the city charter, and is wholly void for the following reasons:

(a) The franchise was not expressed by ordinance as provided by section 17, art. 21, of the City Charter, and bore no caption or title as provided by section 18, art. 9.

(b) Section 11, art. 21, of said city provides that the style of all ordinances of the city of Vernon shall be, "it is ordained by the City of Vernon," but the same may be omitted when published in book or pamphlet form under authority or by direction of the governing authority of the city of Vernon. That the said purported and alleged franchise did not have an enacting clause, and has never been published in pamphlet form under the authority of the city.

(c) Because the purported franchise was introduced and passed on the same day, to wit, September 22, 1925, contrary to section 18, art. 9, of the City Charter, because the attempted passage of the franchise on the same day it was introduced violated the provision of section 19, art. 9, of the city charter.

(d) Because there was no publication of plaintiff's franchise within the time and in the mode and manner required by section 17, art. 21, of the City Charter.

(e) Because the Utilities Company, nor its predecessor in title, began the construction of any pipe lines into the city of Vernon within 6 months after September 22, 1925, as provided by the city charter.

Wherefore defendant says: That the proposed franchise Ordinance No. 414, upon which plaintiff predicates its right to maintain this action, is wholly null and void.

That, if it is not void, the same is not of a nature and character sufficient to constitute the basis of plaintiff's suit seeking to enjoin a competing public utility, which has been duly chartered and acting under the laws of the state, from rendering a public service to the citizens of Vernon, with the consent and authority or at least the color of authority and consent of the governing body of said city. That said ordinance did not and could not, under the Constitution and laws of the state, give to plaintiff the exclusive right to use the streets, alleys, and public grounds of the city, and plaintiff has no reason, as alleged in its petition, to rely upon such ordinance as giving or granting such right.

Defendant denies: That the acts of the city commission, in attempting, through the passage of Ordinance No. 428, on August 21, 1926, to repeal, revoke, and cancel franchise ordinance No. 425, was sufficient to cancel and repeal the ordinance, and thereby defendant's rights to use the streets, alleys, and public grounds in said city of Vernon. That purported Ordinance No. 428 and the acts of the city commission with reference thereto, were wholly insufficient to repeal franchise Ordinance No. 425 for the following reasons:

(1) Because Ordinance No. 425 had been passed by the commission on three separate occasions, had been finally approved and attested by the mayor and city secretary and published once a week for three weeks, all prior to the attempt to repeal. That the only right with reference to the appeal under the charter was the right to referendum to the voters of the city, as provided by R. S. art. 1181, and article 21, § 17, of the City Charter, and there is no provision, either in the charter or the general laws of the state, conferring upon the city any power or authority to repeal the franchise ordinance theretofore granted, and that therefore purported Ordinance No. 428 is null and void.

(2) That Ordinance 428 was not passed on three separate occasions by the commission, and was not published once a week for three consecutive weeks, and no notice of its pendency was given to the defendant or the public generally, and the action of the commission in respect thereto was unusual and arbitrary. That franchise No. 428 is tainted with fraud, that it was conceived and instigated by plaintiff and its agents, and that its passage and adoption was secured under the influence and direction of the plaintiff for the purpose of injuring defendant, in this, that franchise Ordinance No. 425, which Ordinance No. 428 purported to repeal, was passed after long and deliberate consideration by the commission, by unanimous vote. It was published by order of the commission, as required by law, after the defendant had spent thousands of dollars in reliance thereon; but the facts and circumstances surrounding the enactment of Ordinance No. 428, which seeks to repeal Ordinance No. 425, was quite to the contrary. Said Ordinance No. 428 was passed at a special meeting, called by the mayor on a moment's notice, was passed only once, and received no deliberate consideration, was never published, but was passed by a bare majority of the commission and without any notice to the defendant or to the public generally, was passed on the morning of August 21, 1926, at an early hour in the morning, and that the first notice defendant had of such action was the immediate filing of a trial amendment by plaintiff, setting it up as a basis for this action. That plaintiff instigated and requested the adoption of said purported ordinance and had it passed unbeknown to defendant. That, as part of plaintiff's scheme to influence the action of the mayor in a manner unfavorable to defendant and favorable to plaintiff, it had in its employment and on its pay roll the wife of the mayor of the city of Vernon.

Wherefore, by reason of the foregoing facts, defendant says: That plaintiff does not come into court with clean hands and a clear conscience. That defendant had accepted and acted upon Ordinances No. 403 and No. 425 and the resolution authorizing it to use its streets, alleys, etc., and had spent $35,000 toward the establishment of its business before the commission attempted, by Ordinance No. 428, to repeal franchise Ordinance No. 425, thereby vesting property rights in defendant which are guaranteed and protected under the Constitutions of the state of Texas and the United States and which cannot be impaired by purported Ordinance No. 428. That the action of a bare majority of the city commission in attempting to repeal Ordinance No. 425, theretofore passed by unanimous vote of the commission, was arbitrary, oppressive, and discriminatory, and is an attempt to deny defendant the equal right theretofore granted it to use the streets, and was intended to give plaintiff a monopoly contrary to the laws and Constitution of the state, and is class legislation and invalid. That the time within which a referendum vote upon Ordinance No. 425, if any, could have been invoked under the charter, is long since elapsed, and no referendum was ever requested or attempted, and that the commission could not revoke said franchise ordinance, being rather the prerogative reserved to the voters. That the referendum provision of the charter is contrary to article 1181 of the Revised Statutes, and is therefore void. That hundreds of citizens and qualified voters of the city of Vernon petitioned the commission to consent for defendant to use the streets and alleys of the city, and, in deference to said request from

its citizens, the city, as hereinbefore shown, has fully consented for the defendant to establish its gas business in the city, and that the said citizens are the silent third parties involved in this action. That approximately 1,400 citizens of the city have gone to the expense and trouble of connecting with defendant's gas lines and have contracted with the defendant for the supply of gas. That Wilbarger county has contracted with defendant for the use of its gas at the courthouse in said city, and that the only way defendant can comply with these contracts and serve its customers is to use the streets and alleys of the city in the conduct of its business, and that the rights and interests of its customers are paramount.

Plaintiff filed a supplemental petition, which consists of a general demurrer and forty special exceptions, a general denial, and, in reply to defendant's answer, alleges: That the city is operating under what is known as the Home Rule Amendment to the Constitution and the acts of the Legislature passed in pursuance thereof, and that the statutes pleaded by the defendant are inapplicable in this case. That the franchise alleged to have been granted to G. M. Church never became effective as a franchise or a binding contract, because the necessary things to make said franchise effective were never done or performed by Church or his assigns. That they did not, within 90 days prescribed therein, begin the construction of a pipe line into the city of Vernon, and did not within 12 months complete their system of gas mains, and were not in a position to furnish gas to the inhabitants of the city, and that said franchise provided that, in default of the performance of these conditions, the franchise should be forfeited and that neither the city of Vernon nor the said G. M. Church, his associates or assigns, should have any further rights by virtue thereof. That the resolution passed by the city of Vernon on the 27th day of July, 1926, vested no rights whatever in the defendant. That said resolution was conditioned upon defendant filing a bond in the sum of $25,000 and its approval by the city commission. That said bond was never approved by the commission, for which reason the resolution never became effective. That said resolution was an effort on the part of the defendant and the city commission to vary the terms and provisions of the city charter in the manner and method of granting franchises, and was therefore void. That the use of the city streets by the defendant was without any legal warrant or authority. That plaintiff has never at any time attempted to bribe the mayor and city commission or unduly influence them by the employment of the wife of the mayor, who was employed long prior to the time defendant made application to the city for a franchise.

Plaintiff further denies: That defendant has 1,400 customers in the city of Vernon and that its contracts to serve its customers are void because made with the knowledge of the fact that it had no right to conduct a gas-supplying business in the city. That the purported franchise alleged to have been granted to defendant on July 19, 1926, never became a valid and subsisting franchise, for the reason that by its terms and in virtue of the city charter it could not have become effective and binding prior to the 3d day of September, 1926, and that on the 21st day of August, 1926, by the passage of Ordinance No. 428, the commission, as it had a legal right to do, repealed, canceled, and annulled said franchise Ordinance No. 425. That the governing body of the city of Vernon is a legally constituted legislative body, so far as pertains to the management and conduct of the city and its municipal affairs, and that defendant has no right to question the motives and reasons impelling the city council in passing Ordinance No. 428 or any other ordinance or resolution passed by said body.

Defendant filed a first supplemental answer, consisting of a general demurrer, numerous special exceptions, and again alleges: That it has the right to lay its pipes in the streets and alleys, because of the consent once given by the city authorities and conferred by articles 1436 and 1497 of the general laws of Texas, and because the city is estopped to deny it such right by its action in permitting the defendant to expend $150,000 in the construction of its gas-distributing system. That, for the reasons stated, it is estopped to deny the validity of the G. M. Church franchise and the right of defendant to proceed thereunder. Defendant attacks the validity of Ordinance No. 414, as being contrary to the city charter and the Constitution and laws of the state of Texas and of the United States.

Other allegations are made which need not be set out here.

By a third supplemental petition, plaintiff demurred generally and specially to the first supplemental answer, and otherwise it is a repetition of its former pleadings.

The briefs of neither party give us a sufficient synopsis of the 132 pages of pleadings in the transcript. We deem the foregoing summary a sufficient statement of the pleadings for the purposes of this opinion.

The court filed findings of fact and conclusions of law, and such portions thereof as bear upon the contentions presented here will be hereinafter set out. The judgment makes the temporary injunction permanent, but suspends the force of the injunction pending this appeal.

The appellee insists that the opinion of this court on the first appeal has settled every point and all the questions presented by appellant in this appeal, and, because a writ of error was denied by the Supreme Court on the former appeal, there is no merit in appellant's contentions. While the facts

proven in both trials are, with few exceptions, the same, by its pleading appellant presents several questions of law which were not considered before. Opinions of court must be construed with reference to the question then under consideration (Latham v. Kistler [Tex. Civ. App.] 235 S. W. 938; Fulton v. Robinson, 55 Tex. 401), and must be interpreted according to the facts upon which the opinions rest (Benson v. Adams [Tex. Com. App.] 285 S. W. 818); and as to whether this court will again consider any or all of the questions passed upon before is a matter within our discretion, and, in the exercise of such discretion, we are governed by the peculiar circumstances confronting us (Kempner v. Huddleston, 90 Tex. 182, 37 S. W. 1066; Green v. Priddy, 112 Tex. 567, 250 S. W. 656). R. S. art. 1750, provides that the refusal of a writ of error by the Supreme Court shall not be regarded as a precedent or authority, and refusing the writ must be taken merely as an approval of the result of the case as determined by this court, but we are not to infer therefrom that the Supreme Court necessarily adopts our opinion. The Supreme Court may refuse a writ of error by a general order and at the same time may not concur in all the reasoning through which the conclusion of this court has been reached. Terrell, Comptroller. v. Middleton, 108 Tex. 14, 191 S. W. 1138, 193 S. W. 139; Smith v. Jones, 103 Tex. 632, 132 S. W. 469, 31 L. R. A. (N. S.) 153; Hart v. Wilson (Tex. Civ. App.) 281 S. W. 339.

The first proposition urged is, in substance: That all highways of the state, including the streets of cities, belong to the state, and it has full control and authority over them. That the Legislature has absolute control of them, which it may from time to time delegate to or withdraw from the cities, and that the Community Company, under its charter and permit, is a creature of the state, a public utility gas company, and is invested with authority and power to use the streets and alleys of Vernon under the statutes of the state. That the city had given its consent, but that the validity or invalidity of city ordinances and resolutions giving consent are therefore immaterial. That the primary and superior authority and right to use the streets and alleys as a public utility corporation is derived from the state and not from the city, and that the court erred in holding that defendant had no lawful right to use the streets and alleys in constructing and maintaining its gas plant.

We cannot assent to several of the propositions of law here asserted. As stated, Vernon is a home rule city, having adopted a charter under article 11, § 5, of the Constitution, which is, in part, as follows: "Cities having more than 5,000 inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State."

In enacting laws governing such cities as might by vote adopt charters under this constitutional amendment, we find R. S. art. 1175, provides as follows: "Cities adopting the charter or amendment hereunder shall have full power of local self government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty: * * * (12) To prohibit the use of any street, alley, highway or grounds of the city by any * * * gas company, or any other character of public utility without first obtaining the consent of the governing authorities expressed by ordinance and upon paying such compensation as may be prescribed and upon such condition as may be provided by any such ordinance."

Article 1181 of the chapter relating to home rule cities and the granting of franchises by such cities further provides: "No charter or any amendment thereof framed or adopted under this charter [chapter] shall ever grant to any person, firm or corporation any right or franchise to use or occupy the public streets, avenues, alleys or grounds of any such city, but the governing authority of any such city shall have the exclusive power and authority to make any such grant of any such franchise or right to use and occupy the public streets, avenues, alleys, and grounds of the city"—and further provides for a referendum vote, if at any time before the ordinance takes effect, a petition shall be submitted to the governing authority signed by 500 bona fide voters of the city. McCutcheon v. Wozencraft, 116 Tex. 440, 294 S. W. 1105; 4 McQuillin Munic. Corp. § 1745, p. 643.

The city charter (article 2, § 17), in accordance with the statutes, provides that the city shall have the power and authority to grant franchises for the use and occupancy of streets, avenues, alleys, etc., and further provides that no gas company or other character of public utility shall be granted any franchise or permit to have the use of any street, avenue, alley, or highway, without first making application to and obtaining the consent of the governing authority thereto expressed by ordinance, etc. It further provides that, before any franchise ordinance shall become effective, publication thereof shall be made in a newspaper published in the city once a week for three consecutive weeks, said publication to be made at the expense of the applicant desiring such franchise, and further: "Nor shall any such ordinance take effect or become a law or contract or vest any rights in applicant therefor until after the expiration of

thirty days from the last publication of said ordinance as aforesaid." ·

Section 3 of franchise Ordinance No. 425 is: "This ordinance shall take effect and be in force at the earliest date allowed by law and the charter of the city of Vernon."

The minutes of the meeting of the city council at which said ordinance was read for the third time and passed show that it was passed by unanimous vote of the council, and recite: "Same to be in full force and effect from and after its passage, approval and publication, as required by law and the ordinances and charter of the city of Vernon, Texas."

It is clear from what has been said that the city never intended that franchise Ordinance No. 425 should become effective immediately. It is also apparent that, if the council had intended to make it effective immediately, their action would have been illegal and void. Under the charter provisions and the authorities cited, franchise Ordinance No. 425. could not become effective prior to September 3d, or 30 days after the date of the last publication, which the record shows was on August 3, 1926. This court so held on the former appeal, and we see no reason for changing our ruling. 297 S. W. 911 [12].

■ "As is the case with statutes, if no time is provided by charter, statute or ordinance for the taking effect of ordinances, they become effective immediately after passage. But an ordinance does not take effect immediately after its passage where it is otherwise provided by statute, municipal charter or ordinance, as where the date of taking effect is a fixed time after passage or promulgation or publication, as the case may be. Where charters or statutes relating to publication are either by express provision or by judicial construction, declared to be mandatory, ordinances and by-laws do not go into effect until a designated time after publication." 43 C. J. 576, § 923; Village of Depue v. Banschbach, 273 Ill. 574, 113 N. E. 156; 43 C. J. 540–542.

■ The general statute (article 1435), declaring that gas and other corporations shall have power to generate, make, manufacture, and transport and sell gas, etc., to individuals, the public, and municipalities and to maintain and operate plants, substations, etc., in this state, and to own, hold, and use lands, rights of way, easements, franchises, etc., as may be necessary for that purpose, and article 1436, providing that such corporations may condemn and appropriate lands, rights of way, and easements to that end, have no application whatever to this case. No effort has been made by either of the parties to this suit to exercise the right of eminent domain in the city of Vernon. Their rights, if any, rest solely upon contracts evidenced by franchise ordinances and not otherwise. R. S. art. 1181.

■ The appellant cites numerous cases which it insists support the proposition.

None of them, in our opinion, have any bearing on the case. It is insisted that Ft. Worth Gas Co. v. Latex Oil & Gas Co. (Tex. Civ. App.) 299 S. W. 705, decides the issue here presented in appellant's favor. We think not. That is a case where the city had not enforced its right to forfeit the franchise of a rival company because of that company's failure to pay the tax on its gross earnings, as required by charter. Plaintiff was denied an injunction because the city had declined to enforce the forfeiture and for the further reason that forfeitures of franchises because of a failure of the grantee to perform a condition subsequent were not favored by law. The weakness in appellant's contention under this and some related propositions is that appellant had no franchise and could have none until after the 3d day of September, 1926. The words "with consent of the city," as used in R. S. art. 1436, mean in accordance with the city's charter, and not a consent which the city could give or did give in violation of its charter provisions. (Tex. Civ. App.) 297 S. W. 912 [21], and authorities there cited.

■ "Where the constitution authorizes a municipal corporation to adopt its own charter or amend it or adopt a new one, it is held that the powers of such corporation are derived direct from the constitution and its adopted charter and not from the Legislature. The adopted charter is not a law passed by the corporation, it is a law of the state, having the same force and effect as a law directly enacted by the Legislature. Such charter constitutes the organic law for the government of the corporation and in purely municipal matters affecting the municipal corporation only, it is supreme, provided it is not in conflict with the constitution of the State. A charter framed by the inhabitants of a municipal corporation under authority to frame it, has the force and effect of one granted by an act of the Legislature when unrestrained by constitutional prohibitions." 43 C. J. 176, § 175; Xydias Amusement Co. v. Houston (Tex. Civ. App.) 185 S. W. 415; Sunset Tel. & Tel. Co. v. Pasadena, 161 Cal. 265, 118 P. 796.

■ "The provisions of Home Rule charters supersede all those of the state in conflict with such charter provisions in so far as such laws relate to purely municipal affairs, where such provisions are not in conflict with any provisions of the constitution. * * * The limitation forbidding the adoption of any charter provisions contrary to the public policy of the state, as declared by general laws, does not forbid the adoption of charter provisions as to any subject appropriate to the orderly conduct of municipal affairs although they may differ in details from those of existing general laws." 43 C. J. 179, § 176; Id. 85, § 27; Id. 221, § 222.

■ The rule is well recognized and generally established that a municipal corpora-

tion acts in a dual capacity or double character, one governmental and the other municipal. Yett v. Cook, 115 Tex. 205, 281 S. W. 837; City of Uvalde v. Uvalde Elec., etc., Co. (Tex. Com. App.) 250 S. W. 140; 43 C. J. 179, § 178.

██ "All functions of a municipal corporation not governmental, are strictly municipal. Municipal functions are those granted for the specific benefit and advantage of the urban community embraced within the corporated boundaries. Logically all those are strictly municipal functions which specially and peculiarly promote the comfort, convenience, safety and happiness of the citizens of the municipality rather than the welfare of the general public. Under this class of functions are included in most jurisdictions, the proper care of streets and alleys, parks and other public places and the erection and maintenance of public utilities and improvements generally." 43 C. J. 183, § 180.

The appellant insisted upon the first appeal of this case that it had the right to use the streets under R. S. arts. 1435 and 1436, and we overruled the contention, but, in view of the earnest insistence of counsel citing other and numerous authorities upon this appeal, we have more fully examined and discussed it, and are confirmed in our original opinion. We think there has been no violation of any constitutional or statutory provision.

██ The right of the Utilities Company to maintain this suit in its own name and for the protection of its rights is too well settled to require further discussion. 32 C. J. 232, 233; 4 McQuillin Munic. Corp. (2d Ed.) § 1915.

██ The city is not a party to this suit. While under the general rule a municipality may be estopped by acts and conduct within its powers (Corpus Christi Gas Co. v. Corpus Christi [Tex. Civ. App.] 283 S. W. 281), it is settled law that it cannot be estopped by ultra vires acts or unauthorized or illegal conduct or by statements on the part of its officers, even though the municipality has received and accepted the benefits which have accrued (Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S. W. 865; Sullivan v. State, 41 Tex. Civ. App. 89, 95 S. W. 645; Mound Oil Co. v. Terrell, 99 Tex. 625, 92 S. W. 451; 21 C. J. 1191–1195). No franchise having been legally granted appellant, estoppel cannot be predicated upon preliminary proceedings to that end which never matured. Any expense incurred or work done by appellant prior to the ripening of its negotiations with the city into a contract was at its peril, because a party in dealing with the municipality is bound to know the extent of a city's powers. No petition for a referendum was ever presented to the city, and, of course, no referendum could be legally ordered in the absence of the performance of conditions precedent. 43 C.

J. 588. No facts are alleged or shown which would estop the Utilities Company from maintaining this action. Appellee had a franchise and was at work installing its plant before appellant commenced work. Appellant had no franchise after Ordinance 428 had been passed repealing Ordinance 425 before the latter had matured. There was no privity between the gas companies. Each company is a stranger to the contract between the city and the other, and more, the companies were aggressive competitors. It is difficult to see how an estoppel en pais could arise under such circumstances.

In briefing this case, appellant assumed that Ordinance 425 had become a valid, existing enactment before repealing Ordinance 428 was passed, when in fact it could not be an ordinance as hereinbefore stated until 30 days after the date of last publication. We therefore overrule all propositions based upon this erroneous assumption.

 Under article 2, § 17, of the City Charter, the appellant could not begin using the streets in laying its pipes unless it had permission evidenced by a valid ordinance to do so. The resolution of July 27, 1926, permitting it to begin work upon the filing and approval of a bond for $25.000, was a nullity, even though the bond had been approved, and the record shows no such approval. A city has the right to grant a franchise with conditions annexed. Pond on Public Utilities (3d Ed.) §§ 148, 183, 468, 469, and 500; 44 C. J. 222; 26 C. J. 1029, 1030.

██ The G. M. Church franchise was granted upon conditions precedent. The grantee failed to comply with the conditions, resulting in a forfeiture, because of such failure. No action by the city to declare it forfeited was necessary. If no right vested, there was none to be forfeited by a suit, and its validity may be collaterally attacked because it is inoperative and void as a contract. This contention was discussed fully in our opinion on the first appeal, and we could add nothing to what was said further than to cite additional authorities. It is true there are cases holding otherwise, but we think the weight of authority and the better reason sustain our holding. Ft. Worth St. Ry. v. Rosedale St. Ry., 68 Tex. 169, 4 S. W. 534; Mayor, etc., of City of Houston v. Houston B. & M. P. Ry., 84 Tex. 581, 19 S. W. 786; Oakland R. Co. v. Oakland, B. & F. V. R. Co., 45 Cal. 365, 13 Am. Rep. 181; Gas & Elec. Securities Co. v. Manhattan & Queens Trac. Co. (C. C. A.) 266 F. 625; Minersville v. Schuylkill Elec. Co., 205 Pa. 394, 54 A. 1050; Plymouth Tp. v. Chestnut Hill, 168 Pa. 181, 32 A. 19; Los Angeles R. Co. v. Los Angeles, 152 Cal. 242, 92 P. 490; 15 L. R. A. (N. S.) 1269, 125 Am. St. Rep. 54; Maine, etc., R. Co. v. Maine Central R. Co., 92 Me. 476, 43 A. 113; Ulmer v. Lime Rock R. Co., 98 Me. 579, 57 A. 1001, 66 L. R. A. 387; Kennedy v. Strong, 14

195

Johns. (N. Y.) 128; Commonwealth v. Lykens Water Co., 110 Pa. 391, 2 A. 63.

The defendant alleged that no previous notice of the enactment of Ordinance 428 was given to the defendant or the public generally, that it was enacted on the morning of August 21, 1926, by the mayor and two members of the city commission, while this case was being tried the first time, at a meeting called on a moment's notice, during an early hour in the morning, at the request of the plaintiff, and further alleges, upon information and belief, that the plaintiff unduly influenced the mayor and city commissioners and courted favor with the mayor by employing the mayor's wife in plaintiff's office, and that said ordinance is void upon the ground of fraud. There is testimony to the effect that the mayor's wife was employed by plaintiff long prior to the time this ordinance was passed. These allegations, if true, do not show fraud. The evidence does not show that the mayor was influenced by the fact that his wife was upon the plaintiff's pay roll, and no presumption arises that his official conduct was influenced by that fact. 2 McQuillin Munic. Corp. § 629. Moreover, the courts will not inquire into the good faith or motives of a city government. 2 McQuillin on Munic. Corp. § 739; City of San Antonio v. Walters (Tex. Civ. App.) 253 S. W. 544. An exception was urged to the allegation of these facts, which is, in fact, a general exception, and the court properly sustained it.

Ordinance 414, as shown by the records of the city, and which contains the contract with the Upham Gas Company, as a part of the ordinance, is again attacked upon the ground that it had no enacting clause. This question was discussed in the former opinion, and we have no reason to change our ruling with reference to the sufficiency of the proceedings. The proceedings show that the city council, by vote, accepted the contract, and the order contains an enacting clause in the usual language. It is true that the enacting clause is found in the ordinance after the contract, which is fully set out therein. Neither the Legislature nor the city charter prescribed any particular form of an ordinance, and in such cases municipal bodies may use any form of expression which suits them, provided it expresses their will that the ordinance should exist and indicates its terms and the objects to which it applies. 43 C. J. 520, § 801; City of Brenham v. Holle (Tex. Civ. App.) 153 S. W. 345.

By cross-assignments, the appellee challenges some of the additional findings of fact filed by the court. Most of the statements challenged are not findings of fact, but are conclusions of law, and, in so far as such conclusions conflict with the rules of law herein declared, they are overruled.

In view of the disposition we make of the appeal, we deem it unnecessary to further discuss the cross-assignments.

Judgment of the court forever enjoins the defendant, its officers, agents, etc., from laying its pipes, mains, laterals, etc., across the streets and from continuing the distribution of gas within the city of Vernon. In this particular we think the judgment is too broad. The judgment in an injunction proceeding should be confined to the issues raised by the pleading and should not be allowed in broader terms than prayed for in the bill. The restraint imposed should be no more extensive than is reasonably required to protect the interests of the party in whose favor it was given. 32 C. J. 378, § 645.

We therefore reform the judgment, restraining the defendant, its officers, agents, etc., in so far as the rights, privileges, and franchise claimed and asserted by defendant in this action are concerned and involved; and, as reformed, the judgment is affirmed.